# EXHIBIT "A"

MICHAEL K. JEANES, CLERK
RECEIVED SE
OUTSIDE DEPOSITORY

09 JAN 21 AM 11: 11
FILED
BY J. FOLTS, DEP

Arizona Quick Serve
7150 E Camelback Road, Suite 444
Scottsdale, AZ 85251
480.314.5050

## IN THE MARICOPA COUNTY SUPERIOR COURT

## MARICOPA COUNTY, STATE OF ARIZONA

In the Matter of Israel
Garcia, et al.

Case Number: CV2009-000808

CERTIFICATE OF PROCESS

        Plaintiff(s)/Petitioner(s),

v.

GMAC Mortgage, LLC., et
al.

        Defendant(s)/Respondent(s).

The undersigned certifies I am fully qualified under ARCP 4(e) to serve process within the State of Arizona, and executed service in the manner described below:

Documents Served: Summons; Complaint for Injunctive Relief and Damages; Compulsory Arbitration; Notice of Lis Pendens

Service Upon: Wells Fargo Bank, NA

Date of Service: 01/13/2009        Time Of Service: 1:20 PM

Address of Service: 2338 W Royal Palm Rd #J , Phoenix, AZ 85021

Manner of Service:

☐ By serving _____ in person.

☐ Substitute, by serving _____, a person of suitable age & discretion who resides with _____ at the address of service.

☑ By personally serving Ashley McAuliffe of CSC who holds the position of Registered Agent.

☐ Other Service, As Detailed Below.

☐ Non-Service for the Reasons Detailed Below.

_____

_____

I certify under penalty of perjury that the foregoing is true and correct.

X _____
Declarant: Print Name _____
Registered in _____ Maricopa _____ County

Executed on 01 / 13 / 2009

| Service: | $25.00 |
| Mileage: | $ |
| Locate: | $ |
| Other: | $ |
| Total: | $25.00 |

Israel Garcia and Jessenia M. Garcia
6526 South 41st Lane
Phoenix, Arizona 85041
602-405-3503

Ivan A. Madrueno
1815 East Pecan Road
Phoenix, Arizona 85040
602-323-5248

Priscilla Ann Saladores
Kathleen L. Coniam
8438 North 85th Street
Scottsdale, Arizona 85251
480-214-3749

In Propia Persona

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| In the Matter of:<br>ISRAEL GARCIA AND JESSENIA M.<br>GARCIA, IVAN A. MADRUENO, AND<br>PRISCILLA ANN SALADORES AND<br>KATHLEEN L. CONIAM<br><br>Plaintiffs,<br><br>v<br><br>GMAC Mortgage, LLC fka GMAC<br>MORTGAGE CORPORATION, Executive<br>Trustee Services, LLC, Wells Fargo Bank<br>N.A., Ronald M. Horwitz, Residential<br>Funding Company, LLC fka Residential<br>Funding Corporation, Quality Loan Service<br>Corporation, GMAC Mortgage, LLC, John<br>Does 1 through 1,000, et al.<br><br>Defendants. | Case No.:<br><br>CV2009-000808<br><br>SUMMONS<br><br><br>IF YOU WANT THE ADVICE OF A<br>LAWYER, YOU MAY WISH TO CONTACT<br>THE LAWYER REFERRAL SERVICE AT<br>602-257-4434 OR ON-LINE AT<br>WWW.LAWYERFINDERS.ORG. LRS IS<br>SPONSORED BY THE MARICOPA<br>COUNTY BAR ASSOCIATION |

THE STATE OF ARIZONA TO ALL OF THE DEFENDANTS IN THE ABOVE
CAPTIONED CLAIM:

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you, exclusive the day of service. If served out of the State of Arizona –whether by direct service, by registered or certified mail, or by publication – you shall appear and defend within thirty (30) days after the service of the Summons of the Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of forty (40) days after date of such service upon Director. Service by registered or certified mail without the State of Arizona is complete thirty (30) days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete thirty (30) days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt of Officer's Return. RCP 4; A.R.S. Sec. 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer to response upon the Plaintiff. RCP 10(d); A.R.S. Sec. 12-311; RCP 5

The name and address of the Plaintiffs are;

Israel Garcia and Jessenia M. Garcia
6526 South 41st Lane
Phoenix, Arizona  85041


Ivan A. Madrueno
1815 East Pecan Road
Phoenix, Arizona  85040


Priscilla Ann Saladores
Kathleen L. Coniam
8438 North 85th Street
Scottsdale, Arizona 85251

**Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.**

SIGNED AND SEALED THIS DATE: _____

_____

CLERK

By:_____
    DEPUTY CLERK

COPY

JAN 2 2009

MICHAEL K. JEANES, CLERK
Y. Escalante
DEPUTY CLERK

Israel Garcia and Jessenia M. Garcia
6526 South 41st Lane
Phoenix, Arizona  85041
602-405-3503

Ivan A. Madrueno
1815 East Pecan Road
Phoenix, Arizona  85040
602-323-5248

Priscilla Ann Saladores
Kathleen L. Coniam
8438 North 85th Street
Scottsdale, Arizona 85251
480-214-3749

   In Propia Persona

COPY

JAN 1 2 2009

MICHAEL K. JEANES, CLERK
Y. Escalante
DEPUTY CLERK

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| In the Matter of:<br>ISRAEL GARCIA, JESSENIA M.<br>GARCIA, IVAN A. MADRUENO,<br>PRISCILLA ANN SALADORES AND<br>KATHLEEN L. CONIAM<br><br>**Plaintiffs,**<br><br>v<br><br>GMAC Mortgage, LLC fka GMAC<br>Mortgage Corporation; Executive Trustee<br>Services, LLC; Wells Fargo Bank, N.A.;<br>Ronald M. Horwitz; Residential Funding<br>Company, LLC fka Residential Funding<br>Corporation; Quality Loan Service<br>Corporation; GMAC Mortgage, LLC; John<br>Does 1 through 1,000, et al.<br>**Defendants.** | Case No.:<br><br>CV2009-000808<br><br><br><br>**COMPLAINT FOR INJUNCTIVE RELIEF<br>AND DAMAGES** |

**COMES NOW,** Plaintiffs, ISRAEL GARCIA and JESSENIA M. GARCIA, (hereinafter referred to as "Plaintiffs [GARCIA]"), IVAN A. MADRUENO, (hereinafter referred to as "Plaintiff [MADRUENO]"), and PRISCILLA ANN SALADORES and KATHLEEN L. CONIAM, (hereinafter referred to as "Plaintiff [SALADORES/CONIAM]"), In Propria Persona for their complaint against the Defendants, GMAC Mortgage, LLC fka GMAC MORTGAGE CORPORATION, Executive Trustee Services, LLC, Wells Fargo Bank, N.A., Ronald M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation, GMAC Mortgage, LLC and John Does 1 through 1,000, et al, (hereinafter referred to as "Defendants") alleges and state as follows:

COUNT I – TEMPORARY INJUNCTION

1. Plaintiffs, GARCIA, allege: are now, and at all times mentioned in this complaint, Israel Garcia and Jessenia M. Garcia are the owners of certain described real property known as: 6526 South 41st Lane, Phoenix, AZ 85041, and more fully described as: LOT 12, Vineyard Commons, According to the Plat of the County Recorder in Book 617 of Maps, Page 27 Records of Maricopa County, Arizona. Plaintiff, MADRUENO, alleges: is now and at all times mentioned in this complaint, Ivan A. Madrueno is the owner of certain described real property known as: 1815 East Pecan Road, Phoenix, Arizona, 85040 and more fully described as: LOT 183, of Southern Village, According to the Plat of Record in the Office of the County Recorder of Maricopa County, Arizona, Recorded in Book 58 of Maps, Page 34. Plaintiffs, SALADORES/CONIAM,

allege: is now and at all times mentioned in this complaint, Priscilla Ann

Saladores is the owner of certain described real property known as: 8438 North

85th Street Scottsdale, Arizona, 85251 and more fully described as: Lot 233, of a

Replat of Suggs Rancho McCormick, According to the Plat of Record in the

Office of the County Recorder of Maricopa County, Arizona, Recorded Book 282

of Maps, Page 42 and Certificate of Correction Recorded June 24, 1985 at

Document No. 85-289691 and Re-recorded August 20, 1985 in Document No.

85-392988 and Certificate of Addendum Recorded in Recorders No. 87-81343,

Records of Maricopa County, Arizona; Except all Subterranean Groundwaters

Continued within, Underlying and which may be produced in said land, as

Reserved in Deed Recorded in Docket 12774, Page 1601.


2.   That   Defendants,   GMAC   Mortgage,   LLC   fka   GMAC   MORTGAGE

CORPORATION, Executive Trustee Services, LLC, Wells Fargo Bank, N.A.,

Ronald M. Horwitz, Camelback Title Agency, Residential Funding Company, LLC

fka Residential Funding Corporation, Quality Loan Service Corporation, GMAC

Mortgage, LLC, or their Agents, and John Does 1 through 1,000, et al, at the time

of the occurrences were doing business in the State of Arizona, Maricopa

County.

3. Plaintiffs GARCIA allege: On or about October 14, 2008, and continuing to the

present, Defendants GMAC Mortgage, LLC fka GMAC Mortgage Corporation

and Executive Trustee Services, LLC are wrongfully and unlawfully attempting to

foreclose on above described property.  Defendants have no authority to

foreclose, as they are not the holder in due course of the "purported note" which secures the property and have no standing. The Note should also not be confused with the Deed of Trust filed with the County Recorder, and any of its subsequent transfers and assignments. While the underlying Note is the genesis to any enforcement issues, the Deed of Trust is merely an accessory to the underlying note, and only provides rights to the collateral real estate if payments are not met. The Deed of Trust is meaningless without a Promissory Note. A Deed of Trust without the underlying note is a "Legal Nullity." Because there was no exhibit of a promissory note or contract naming GMAC Mortgage, LLC fka GMAC Mortgage Corporation as the lender attached to Defendants' Notice of Trustee's Sale and is inconsistent with Defendants' allegations as to the ownership of the subject promissory note and mortgage, Defendant GMAC Mortgage, LLC fka GMAC Mortgage Corporation has failed to establish itself as the real party in interest and has failed to state a cause of action. Therefore, Defendant GMAC Mortgage, LLC fka GMAC Mortgage Corporation has no standing.   Plaintiff MADRUENO alleges: On or about November 21, 2008, and continuing to the present, Defendants Wells Fargo Bank, N.A. and Ronald M. Horwitz are wrongfully and unlawfully attempting to foreclose on above described property. Defendants have no authority to foreclose, as they are not the holder in due course of the "purported note" which secures the property and have no standing. The Note should also not be confused with the Deed of Trust filed with the County Recorder, and any of its subsequent transfers and assignments. While the underlying Note is the genesis to any enforcement

issues, the Deed of Trust is merely an accessory to the underlying note, and only provides rights to the collateral real estate if payments are not met. The Deed of Trust is meaningless without a Promissory Note. A Deed of Trust without the underlying note is a "Legal Nullity." Because there was no exhibit of a promissory note or contract naming Wells Fargo, N.A. as the lender attached to Defendants' Notice of Trustee's Sale and is inconsistent with Defendants' allegations as to the ownership of the subject promissory note and mortgage, Defendant Wells Fargo, N.A. has failed to establish itself as the real party in interest and has failed to state a cause of action. Therefore, Wells Fargo, N.A. has no standing.  Plaintiffs SALADORES/CONIAM allege:  On or about November 20, 2008, and continuing to the present, Defendants GMAC Mortgage LLC, Quality Loan Service and Residential Funding Company, LLC fka Residential Funding Corporation are wrongfully and unlawfully attempting to foreclose on above described property. Defendants have no authority to foreclose, as they are not the holder in due course of the "purported note" which secures the property and have no standing. The Note should also not be confused with the Deed of Trust filed with the County Recorder, and any of its subsequent transfers and assignments. While the underlying Note is the genesis to any enforcement issues, the Deed of Trust is merely an accessory to the underlying note, and only provides rights to the collateral real estate if payments are not met. The Deed of Trust is meaningless without a Promissory Note. A Deed of Trust without the underlying note is a "Legal Nullity." Because there was no exhibit of a promissory note or contract naming GMAC Mortgage LLC  as the

lender and/or attached to Defendants' Notice of Trustee's Sale and is inconsistent with Defendants' allegations as to the ownership of the subject promissory note and mortgage, Defendant GMAC Mortgage LLC, has failed to establish itself as the real party in interest and has failed to state a cause of action. Therefore, GMAC Mortgage LLC has no standing.

4. Plaintiffs GARCIA allege:  On or about November 25, 2008, Plaintiffs sent a Notice of Dispute and Demand, and more fully described in and attached as **Exhibit "A"** for Defendant GMAC Mortgage LLC, kas GMAC Mortgage Corporation to refrain from continuing its threats and wrongful foreclosure but Defendant has refused and has not complied with request to cease and desist. Plaintiff MADRUENO alleges:  On or about November 13, 2008, Plaintiffs sent a Notice of Dispute and Demand, and more fully described in and attached as **Exhibit "B"** for Defendant Wells Fargo Bank, N.A. to refrain from continuing its threats and wrongful foreclosure but  Defendant has refused and has not complied with request to cease and desist.  Plaintiff SALADORES/CONIAM alleges:  On or about January 15, 2008 Plaintiffs sent a Notice of Dispute and Demand, and more fully described in and attached as **Exhibit "C"** for Defendants Quality Loan Service to refrain from continuing its threats and wrongful foreclosure but Defendant has refused and has not complied with request to cease and desist.

5. As a result of Defendant's, GMAC Mortgage, LLC fka GMAC MORTGAGE CORPORATION, Executive Trustee Services, LLC, John Does 1 through 1,000,

et al, Wells Fargo Bank, N.A., Ronald M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation, GMAC Mortgage, LLC, acts, who are without authority, Plaintiffs, GARCIA, MADRUENO, and SALADORES/CONIAM, have sustained great and irreparable injury in that Defendant's are continuing to attempt a wrongful foreclosure on Plaintiff's property, which is unique and is not replaceable, they will lose the use and enjoyment of their property. "A piece of property is always considered unique, and its loss is always an irreparable injury." *United Church of the Med. Ctr. v. Med. Ctr. Comm'n*, 689 F.2d 693, 701 (7th Cir. 1982); *see Pelfresne v. Village of Williams Bay*, 865 F.2d 877, 883 (7th Cir. 1989). Ultimately, there can be no adequate remedy at law for loss of a home.

6. Plaintiffs, GARCIA, MADRUENO, and SALADORES/CONIAM, cannot be fully compensated in damages, are without adequate remedy at law because the exact amount of damage Plaintiffs will sustain will be difficult to determine, and The Defendants', GMAC Mortgage, LLC fka GMAC MORTGAGE CORPORATION, Executive Trustee Services, LLC, John Does 1 through 1,000, et al, Wells Fargo Bank, N.A., Ronald M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation, GMAC Mortgage, LLC, have acted with the intent to deprive Plaintiffs of their property. The Defendants' actions are outrageous and go beyond standards of social dignity. The Defendants' actions have caused Plaintiffs to suffer from severe emotional distress that have gone beyond embarrassment and humiliation.

7. As a further result of Defendant's, GMAC Mortgage, LLC fka GMAC MORTGAGE CORPORATION, Executive Trustee Services, LLC, John Does 1 through 1,000, et al, Wells Fargo Bank, N.A., Ronald M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation, GMAC Mortgage, LLC, acts, if these acts are permitted to continue, Plaintiffs will be irreparably damaged in an amount of at least $1,000,000.00 for each of the following Plaintiffs, GARCIA, MADRUENO, and SALADORES/CONIAM and an additional amount that will be alleged when additional damages have been determined.

8. Defendants, GMAC Mortgage, LLC fka GMAC MORTGAGE CORPORATION, Executive Trustee Services, LLC, John Does 1 through 1,000, et al, Wells Fargo Bank, N.A., Ronald M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation, GMAC Mortgage, LLC, have further failed to give proper notice of Notice of Default and Right to Cure and acceleration of the loan transaction as required by 12 USC 2601 et seq. and 15 USC 1601 et seq.

9. Plaintiffs, GARCIA, MADRUENO, and SALADORES/CONIAM, are specifically in the class of persons this statue was designed to protect.

10. As a direct and proximate cause of Defendants', GMAC Mortgage, LLC fka GMAC MORTGAGE CORPORATION, Executive Trustee Services, LLC, John Does 1 through 1,000, et al, Wells Fargo Bank, N.A., Ronald M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation, GMAC Mortgage, LLC, failure to provide proper

notice, Plaintiffs, GARCIA, MADRUENO, and SALADORES/CONIAM, are subject to loss of property and loss of use of property and other damages as a result of Defendants' failure.

WHEREFORE, Plaintiffs, GARCIA, MADRUENO, and SALADORES/CONIAM, demand judgment for:

11. Temporary injunction enjoining Defendants GMAC Mortgage, LLC fka GMAC MORTGAGE CORPORATION, Executive Trustee Services, LLC, Wells Fargo Bank, N.A., Ronald M. Horwitz, Camelback Title Agency, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation, GMAC Mortgage, LLC, John Does 1 through 1,000, et al from engaging in or performing any of the following acts:  Selling or attempting to Sell or Dispose of or committing any act that will affect the title of the listed properties for GARCIA, MADRUENO and SALADORES/CONIAM.

12. Damages against Defendants, GMAC Mortgage, LLC fka GMAC MORTGAGE CORPORATION, Executive Trustee Services, LLC, John Does 1 through 1,000, et al, Wells Fargo Bank, N.A., Ronald M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation, GMAC Mortgage, LLC in the amount of One Million dollars ($1,000,000.00) to each Plaintiffs, GARCIA, MADRUENO, and SALADORES/CONIAM.

13. Costs of this action and other just relief.

COUNT II – PERMANENT INJUNCTION

Plaintiffs, GARCIA, MADRUENO, and SALADORES/CONIAM, allege:

14. The facts made above in paragraphs 1 through 10 are hereby re-alleged as though fully set out and incorporated by reference herein.

WHEREFORE, Plaintiffs, GARCIA, MADRUENO, and SALADORES/CONIAM, demand judgment for:

15. Permanent injunction enjoining Defendants GMAC Mortgage, LLC fka GMAC MORTGAGE CORPORATION, Executive Trustee Services, LLC, Wells Fargo Bank, N.A., Ronald M. Horwitz, Camelback Title Agency, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation, GMAC Mortgage, LLC, John Does 1 through 1,000, et al, from engaging in or performing any of the following acts:  Selling or attempting to Sell or Dispose of or committing any act that will affect the title of the listed properties for GARCIA, MADRUENO and SALADORES/CONIAM.

16. Damages against Defendants in the amount of One Thousand dollars ($ 1,000,000.00) to each Plaintiff, GARCIA, MADRUENO, and SALADORES/CONIAM.

17. Costs of this action and other just relief.

COUNT III – SET ASIDE OR VACATE SALE

Plaintiffs, GARCIA sues Defendants, GMAC Mortgage, LLC fka GMAC MORTGAGE CORPORATION, Executive Trustee Services, LLC, and John Does 1 through 1,000, et al, Plaintiff MADRUENO sues Defendants Wells Fargo Bank, N.A., Ronald M. Horwitz, and John Does 1 through 1,000, et al, and Plaintiff SALADORES/CONIAM sues Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation, GMAC Mortgage, LLC,

and John Does 1 through 1,000, et al, to set aside or vacate the any eviction pending this purported, wrongful foreclosure for GARCIA, MADRUENO, and SALADORES/CONIAM.

18. The facts made above in paragraphs 1 through 11 are hereby re-alleged as though fully set out and incorporated by reference herein.

WHEREFORE, Plaintiffs, GARCIA, MADRUENO, and SALADORES/CONIAM, demand judgment for:

Defendants GMAC Mortgage, LLC fka GMAC MORTGAGE CORPORATION, Executive Trustee Services, LLC, John Does 1 through 1,000, et al, Wells Fargo Bank, N.A., Ronald M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation, GMAC Mortgage, LLC, from engaging in or performing any of the following acts: Transferring Title to the property or Dispose of, or committing any act that will affect the title of the listed property.

19. Damages against Defendants, GMAC Mortgage, LLC fka GMAC MORTGAGE CORPORATION, Executive Trustee Services, LLC, John Does 1 through 1,000, et al, Wells Fargo Bank, N.A., Ronald M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation, GMAC Mortgage, LLC in the amount of One Million dollars ($1,000,000.00) to each Plaintiffs, GARCIA, MADRUENO, and SALADORES/CONIAM.

20. Costs of this action and other just relief.

COUNT IV – SET ASIDE OR VACATE NOTE AND MORTGAGE

Plaintiffs, GARCIA, MADRUENO, and SALADORES/CONIAM, sue Defendants, GMAC Mortgage, LLC fka GMAC MORTGAGE CORPORATION, Executive Trustee Services, LLC, Wells Fargo Bank, N.A., Ronald M. Horwitz, Camelback Title Agency, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation, GMAC Mortgage, LLC, John Does 1 through 1,000, et al, to set aside or vacate the purported promissory note and mortgage and alleges the following:

21. The facts made above in paragraphs 1 through 12 are hereby re-alleged as though fully set out and incorporated by reference herein.

22. Jurisdiction and venue are proper.

23. This is an action to set aside or vacate an alleged promissory note and mortgage that does not exceed the jurisdictional limit for this court, excluding interest, costs and attorneys fees.

24.The Plaintiffs, GARCIA, have made payments to the Defendant, GMAC MORTGAGE, LLC fka GMAC Mortgage Corporation under the belief that the Defendant, GMAC MORTGAGE, LLC fka GMAC Mortgage Corporation was the owner or holder of a promissory note which may have been signed by the Plaintiffs. Plaintiffs do not owe money to the Defendant, GMAC MORTGAGE, LLC fka GMAC Mortgage Corporation. The Plaintiffs, MADRUENO, have made payments to the Defendant, WELLS FARGO BANK, N.A. under the belief that the Defendant, WELLS FARGO BANK, N.A. was the owner or holder of a promissory note which may have been signed by the Plaintiff. Plaintiff does not owe money to the Defendant. The Plaintiffs, SALADORES/CONIAM, have never

made payments to the Defendant, GMAC Mortgage, LLC as they have no standing. Defendant GMAC Mortgage, LLC has never held the Mortgage Note, and no contract was ever signed with Defendant GMAC Mortgage, LLC nor can Defendant GMAC Mortgage, LLC show status of holder in due course. Plaintiffs do not owe money to the Defendant as Plaintiffs have never signed a promissory note or contract with Defendant GMAC Mortgage, LLC.

25. Plaintiffs GARCIA allege: Only the owner of the note, has the ability to foreclose. The underlying note must be properly transferred in the forgoing chain of transfers and note must now be in Defendant GMAC Mortgage, LLC fka GMAC Mortgage Corporations' possession. The original note must be produced as evidence in support of a mortgage foreclosure action or to foreclose on any secured debt where a note was used in its origination. Plaintiff MADRUENO alleges: Only the owner of the note, has the ability to foreclose. The underlying note must be properly transferred in the forgoing chain of transfers and note must now be in Defendants' Wells Fargo Bank, N.A.'s possession. The original note must be produced as evidence in support of a mortgage foreclosure action or to foreclose on any secured debt where a note was used in its origination. Plaintiff SALADORES/CONIAM alleges: Only the owner of the note, has the ability to foreclose. The underlying note must be properly transferred in the forgoing chain of transfers and note must now be in Defendants GMAC Mortgage LLC's possession. The original note must be produced as evidence in support of a mortgage foreclosure action or to foreclose on any secured debt where a note was used in its origination.

"Where the complaining party can not prove the existence of the note, then there is no note. To recover on a promissory note, the plaintiff must prove (1) the existence of the note in question; (2) that the party sued signed the note; (3) that the plaintiff is the owner or holder of the note; and (4) that a certain balance is due and owning on the note. See in RE:  SMS Financial LLC v. Abco Homes, Inc. No 98-50117 February 18, 1999 (5th Circuit Court of Appeals.) Volume 29 of the New Jersey Practice Series, Chapter 10 Section 123, page 566, emphatically states, "...; and no part payments should be made on the bond or note unless the person to whom payment is made is able to produce the bond or note and the part payments are endorsed thereon. It would seem that the mortgagor would normally have a Common law right to demand production or surrender of the bond or note and mortgage, as the case may be. See Restatement, Contract § 170(3), (4) (1932); C.J.S. Mortgages § 469 in Carnegie Bank v. Shallect 256 N.J. Super 23 (App. Div 1992), the Appellate Division held, "When the underlying mortgage is evidenced by an instrument meeting the criteria for negotiability set forth in N.J.S. 12A:3-104, the holder of the instrument shall be afforded all the rights and protections provided a holder in due course pursuant to N.J.S. 12A:3-302" Since no one is able to produce the "instrument" there is no competent evidence before the Court that any party is the holder of the alleged note or the true holder in due course. Federal Circuit Courts have ruled that the only way to prove the perfection of any security is by actual possession of the security. See Matter of Staff Mortg Et Inv. Corp., 550 F.2d 1228 (9th Cir 1977), "under the Uniform Commercial Code, the only notice sufficient to inform all interested

parties that security interest in instruments has been perfected is actual possession by the secured party, his agent or bailee." Bankruptcy Courts have followed the Uniform Commercial Code. In Re Investors Et Lenders, Ltd. 165 B.R. 389 (Bkrtcy.D.N.J. 1944), "Under the New Jersey Uniform Commercial Code (NJUCC), P\promissory note is "instrument," security interest in which must be perfected by possession..." Unequivocally the Courts rule is that in order to prove the "instrument", possession is mandatory.

26. Plaintiffs, GARCIA, MADRUENO, SALADORES/CONIAM have requested to inspect the "Blue Ink" original note signed showing the existence of said promissory note but the Defendants GMAC Mortgage LLC, fka GMAC Mortgage Corporation, Wells Fargo, N.A. and GMAC Mortgage Corporation LLC, Executive Trustee Services, LLC, Ronald M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation have failed to produce it. Defendants are neither Holder in Due Course, nor Party of Interest of the alleged promissory Note and Mortgage by their own admission. See: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., VS. ENZO CABRERA, ET AL) and thereby lacked standing to bring about foreclosure.

27. Plaintiffs GARCIA, MADRUENO, SALADORES/CONIAM have requested to inspect the original purported note bearing Plaintiff's signature, yet the Defendants GMAC Mortgage LLC, fka GMAC Mortgage Corporation, Wells Fargo, N.A. and GMAC Mortgage Corporation LLC, Executive Trustee Services, LLC, Ronald M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation have failed to provide

such records.  Defendants do not possess the unendorsed and unaltered "Blue Ink" original Promissory Note.

28.  Plaintiffs GARCIA, MADRUENO, SALADORES/CONIAM have requested to inspect the "Blue Ink" original note establishing that the Defendants GMAC Mortgage LLC, fka GMAC Mortgage Corporation, Wells Fargo, N.A. and GMAC Mortgage Corporation LLC, Executive Trustee Services, LLC, Ronald M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation are the owners or holders of such a note, yet the Defendants have failed to produce any such records.

29.  The Defendants GMAC Mortgage LLC, fka GMAC Mortgage Corporation, Wells Fargo, N.A. and GMAC Mortgage Corporation LLC, Executive Trustee Services, LLC, Ronald M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation are not the owner or holder of any purported note to which the Plaintiffs, GARCIA, MADRUENO and SALADORES/CONIAM may be bound to make payments.

30.  Plaintiffs, GARCIA, MADRUENO and SALADORES/CONIAM are entitled to a release of mortgage and a return of all monies paid to the Defendants GMAC Mortgage LLC, fka GMAC Mortgage Corporation, Wells Fargo, N.A. and GMAC Mortgage Corporation LLC, Executive Trustee Services, LLC, Ronald.M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation.

31.  Plaintiffs GARCIA, MADRUENO and SALADORES/CONIAM demand a jury trial

WHEREFORE Plaintiffs, GARCIA, MADRUENO and SALADORES/CONIAM, demand judgment for damages against Defendants GMAC Mortgage LLC, fka GMAC Mortgage Corporation, Wells Fargo, N.A. and GMAC Mortgage Corporation LLC, Executive Trustee Services, LLC, Ronald M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation.

32. This Court Order Rescission of the entire Mortgage and Promissory Note amounting to clear title to property with fixtures as a result of the aforementioned,

33. Judgment against Defendants GMAC Mortgage LLC, fka GMAC Mortgage Corporation, Wells Fargo, N.A. and GMAC Mortgage Corporation LLC, Executive Trustee Services, LLC, Ronald M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation for return of the down payment, and other payments, and interest paid on the above amount.

34. Damages against Defendants GMAC Mortgage LLC, fka GMAC Mortgage Corporation, Wells Fargo, N.A. and GMAC Mortgage Corporation LLC, Executive Trustee Services, LLC, Ronald M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation in the amount of One Million dollars ($1,000,000.00), to each Plaintiff, GARCIA, MADRUENO, and SALADORES/CONIAM.

35. Defendants' GMAC Mortgage LLC, fka GMAC Mortgage Corporation, Wells Fargo, N.A. and GMAC Mortgage Corporation LLC, Executive Trustee Services, LLC, Ronald M. Horwitz, Residential Funding Company, LLC fka Residential

Funding Corporation, Quality Loan Service Corporation be revoked of any and all power of attorneys, duties or other alleged powers to act on behalf of Plaintiffs, GARCIA, MADRUENO, and SALADORES/CONIAM.

and;

36. Costs of this action and other just relief.

## COUNT V -- UNJUST ENRICHMENT

37. Plaintiffs, GARCIA, MADRUENO, and SALADORES/CONIAM have conferred benefit on the Defendants, GMAC Mortgage LLC, fka GMAC Mortgage Corporation, Wells Fargo, N.A. and GMAC Mortgage Corporation LLC, Executive Trustee Services, LLC, Ronald M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation who has knowledge thereof;

38. Defendants GMAC Mortgage LLC, fka GMAC Mortgage Corporation, Wells Fargo, N.A. and GMAC Mortgage Corporation LLC, Executive Trustee Services, LLC, Ronald M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation voluntarily accepts and retains the benefit conferred; and

39. The circumstances render the Defendants GMAC Mortgage LLC, fka GMAC Mortgage Corporation, Wells Fargo, N.A. and GMAC Mortgage Corporation LLC, Executive Trustee Services, LLC, Ronald M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation retention of the benefit inequitable unless the defendant pays to the plaintiffs the value of the benefit.

RESPECTFULLY SUBMITTED AND DATED this _12th_ day of January 2009.

_Israel Garcia_

**Israel Garcia**

_Jessenia M. Garcia_

**Jessenia M. Garcia**

_Ivan A. Madrueno_

**Ivan A. Madrueno**

_Priscilla Ann Saladores_

**Priscilla Ann Saladores**

_Kathleen L. Coniam_

**Kathleen L. Coniam**

**Copy** of the foregoing filed

On this _12th_ day of January, 2009 with:

Clerk of Court

Maricopa County Superior Court

210 West Jefferson Street

Phoenix, AZ 85003

**VERIFICATION**

**STATE OF ARIZONA**          )
                             )ss
**COUNTY OF MARICOPA** )

  Israel Garcia being first duly sworn, upon his oath, deposes and states as

follows:  That he is the Plaintiff in the above-entitled and numbered matter; that

he has read the foregoing complaint and **FOR INJUNCTIVE RELIEF AND**

**DAMAGES** in the above captioned Case and knows the contents thereof, that

the matters stated therein are true of his own knowledge except as those matters

stated upon information and belief, and as to those matters he believes them to

be true.

_____
Israel Garcia

SUBSCRIBED, SWORN TO, AFFIRMED AND ACKNOWLEDGED before me,

the undersigned Notary Public, on the ___12th___ day of ___January___, 2009, by

Israel Garcia, known to me or who has satisfactorily demonstrated to me that he

is the above-named Plaintiff in this matter.

_____
Signature of Notary Public

___2-4-2012___

Notary Expiration Date

Hortencia Valle
Notary Public - Arizona
Maricopa County
My Commission Expires
February 4, 2012

# VERIFICATION

STATE OF ARIZONA          )
                          )ss
COUNTY OF MARICOPA   )

Jessenia M. Garcia being first duly sworn, upon her oath, deposes and

states as follows:  That she is the Plaintiff in the above-entitled and numbered

matter; that she has read the foregoing complaint and **FOR INJUNCTIVE**

**RELIEF AND DAMAGES** in the above captioned Case and knows the contents

thereof, that the matters stated therein are true of her own knowledge except as

those matters stated upon information and belief, and as to those matters she

believes them to be true.

_____
Jessenia M. Garcia

SUBSCRIBED, SWORN TO, AFFIRMED AND ACKNOWLEDGED before me,

the undersigned Notary Public, on the _____12th____ day of __January__, 2009, by

Jessenia M. Garcia, known to me or who has satisfactorily demonstrated to me

that he is the above-named Plaintiff in this matter.

_____
Signature of Notary Public

____2-4-2012_____
Notary Expiration Date

```
Hortencia Valle
Notary Public - Arizona
Maricopa County
My Commission Expires
February 4, 2012
```

**VERIFICATION**

**STATE OF ARIZONA**        )
                                         )ss
**COUNTY OF MARICOPA**   )

      Ivan A. Madrueno being first duly sworn, upon his oath, deposes and

states as follows:  That he is the Plaintiff in the above-entitled and numbered

matter; that he has read the foregoing complaint and **FOR INJUNCTIVE RELIEF**

**AND DAMAGES** in the above captioned Case and knows the contents thereof,

that the matters stated therein are true of his own knowledge except as those

matters stated upon information and belief, and as to those matters he believes

them to be true.

_____
Ivan A. Madrueno

SUBSCRIBED, SWORN TO, AFFIRMED AND ACKNOWLEDGED before me,

the undersigned Notary Public, on the ____12th____ day of __January__ , 2009, by

Ivan A. Madrueno, known to me or who has satisfactorily demonstrated to me

that he is the above-named Plaintiff in this matter.

_____
Signature of Notary Public

__2-4-2012__
Notary Expiration Date

Hortencia Valle
Notary Public - Arizona
Maricopa County
My Commission Expires
February 4, 2012

**VERIFICATION**

**STATE OF ARIZONA**          )
                             )ss
**COUNTY OF MARICOPA**  )

Priscilla Ann Saladores being first duly sworn, upon her oath, deposes and

states as follows: That she is the Plaintiff in the above-entitled and numbered

matter; that she has read the foregoing complaint and **FOR INJUNCTIVE**

**RELIEF AND DAMAGES** in the above captioned Case and knows the contents

thereof, that the matters stated therein are true of her own knowledge except as

those matters stated upon information and belief, and as to those matters she

believes them to be true.

_____
Priscilla Ann Saladores

SUBSCRIBED, SWORN TO, AFFIRMED AND ACKNOWLEDGED before me,

the undersigned Notary Public, on the _____ 12th _____ day of ___ January ___, 2009, by

Priscilla Ann Saladores, known to me or who has satisfactorily demonstrated to

me that he is the above-named Plaintiff in this matter.

_____
Signature of Notary Public

_____ 2-4-2012 _____
Notary Expiration Date

Hortencia Valle
Notary Public - Arizona
Maricopa County
My Commission Expires
February 4, 2012

**VERIFICATION**

STATE OF ARIZONA      )
                      )ss
COUNTY OF MARICOPA    )

      Kathleen L. Coniam being first duly sworn, upon her oath, deposes and

states as follows:  That she is the Plaintiff in the above-entitled and numbered

matter; that she has read the foregoing complaint and **FOR INJUNCTIVE**

**RELIEF AND DAMAGES** in the above captioned Case and knows the contents

thereof, that the matters stated therein are true of her own knowledge except as

those matters stated upon information and belief, and as to those matters she

believes them to be true.

*Kathleen L. Coniam*
Kathleen L. Coniam

SUBSCRIBED, SWORN TO, AFFIRMED AND ACKNOWLEDGED before me,

the undersigned Notary Public, on the _____12th_____ day of _____January_____, 2009, by

Kathleen L. Coniam, known to me or who has satisfactorily demonstrated to me

that he is the above-named Plaintiff in this matter.

*Hortencia Valle*
Signature of Notary Public

_____2-4-2012_____
Notary Expiration Date

Hortencia Valle
Notary Public - Arizona
Maricopa County
My Commission Expires
February 4, 2012

# EXHIBIT "A"

November 11, 2008

Israel and Jessenia Garcia
6526 South 41ˢᵗ Lane
Phoenix, AZ 85041

Executive Trustee Services, LLC      CERTIFIED MAIL RECEIPT # <u>7008 1830 0000 1141 1278</u>
2255 North Ontario Street, Ste. #400
Burbank, California 91504-3120

GMAC Mortgage, LLC FKA      CERTIFIED MAIL RECEIPT # <u>7008 1830 0000 1141 1285</u>
GMAC Mortgage Corporation
1100 Virginia Drive
Fort Washington, PA 19034

RE: Loan Account # <u>0601553778</u>
File TS No.: <u>AZ-166168-C</u>
Property Address:  6526 South 41ˢᵗ Lane/Phoenix, AZ 85041

**ACTUAL NOTICE OF ORIGINAL NOTE FULL DISCLOSURE &
PRODUCTION OF ORIGINAL DOCUMENTS**

**NON-NEGOTIABLE NON-TRANSFERABLE NOTICE OF DISPUTE
APPLICABLE TO ALL SUCCESSORS AND ASSIGNS**

To Whom It May Concern:

This is in response to your correspondence dated October 20, 2008 and recorded with the Maricopa
County Recorder on October 14, 2008. It has come to my attention after consulting with legal
counsel/estate planning professional, my CPA, and researching U.S.C.A., the C.F.R., Anderson's U.C.C.,
S.E.C. Regulations and specific Federal Reserve Bank Publications that there is good reason to believe
that GMAC Mortgage, LLC fka GMAC Mortgage Corporation, Homecomings Financial LLC, fka
Homecomings Financial Network, Inc.  may not be "Holder in Due Course" of my original promissory
note(s) agreement(s).

Therefore, I hereby give **ACTUAL NOTICE OF ORIGINAL NOTE FULL DISCLOSURE &
PRODUCTION OF ORIGINAL DOCUMENTS.** Notice to the Principal is Notice to the Agent and
Notice to the Agent is Notice to the Principal.

This is not a refusal to pay. This notice constitutes my Demand to Cease and Desist Collection Activities
Prior to **Validation** under oath (verification) of Purported Debt.

Please be advised that according to The Fair Debt Collections Practices Act, 3.2 Note and Contract
Law…
*"Where the complaining party can not prove the existence of the note, then there is no note.  To recover
on a promissory note, the plaintiff must prove: (1) the existence of the note in question; (2) that the party
sued signed the note; (3) that the plaintiff is the owner or holder of the note; and (4) that a certain balance
is due and owing to the note."* See In Re:  <u>SMS Financial LLc. V. AbcoHomes, Inc., No.98-50117
February 18, 1999 (5ᵗʰ Circuit Court of Appeals)</u>

IG
INT      INT

Furthermore, this Notice confirms that your claim is disputed under 15 USC § 1692 *et seq*. Please verify under oath that this claim is valid, free from any claims and defenses including but not limited to any breach of agreement, failure of consideration, and **material alteration of the original agreement**. Further, that the alleged account was transferred in good faith and by the consent of all parties involved.

I am requesting you to produce the following documents:

1) The name, address and title of the officer that retained you

2) Proof of identification of Creditor

3) Proof of identification of Debtor

4) A copy of your license to be a Collection Agency in the State of Arizona

5) A copy of your license to operate a Collection Agency in the State of Arizona

6) A copy of the implementing regulation instructing you on your duties, obligations, authority, and limitations of authority as a Collection Agency in the State of Arizona

7) A copy of the law giving you authority to use the U.S. Mails to make ethereal and unsubstantiated claims

8) The bond with account #, trustee of said account, and my right to sue said account for any violations to the Arizona Business and Commercial Code while you are attempting to operate a business in Arizona

I am also requesting that Executive Trustee Services, LLC and GMAC Mortgage, LLC fka GMAC Mortgage Corporation, Homecomings Financial Network, Inc. and Mortgage Electronic Registration Systems, Inc. provide me with certified and verified (under oath) true "blue ink" original Note(s) front and back and documents wherein the following six (6) elements concerning the contracts terms and conditions are clearly stated:

1) The borrower is prohibited from repaying any party, other than the party that provided the capital that funded the alleged loan.

2) That the borrower is strictly prohibited from making any payments to anyone who did not provide any capital that would have funded the loan.

3) The borrower is required to repay the alleged loan using the same species of money, money equivalent or credit according to Generally Accepted Accounting Principles (hereinafter "GAAP"), that Homecomings, LLC used to fund the alleged loan or similar instrument, thus, ending all interests and liens.

4) GMAC Mortgage, LLC fka GMAC Mortgage Corporation, and Homecomings Financial LLC, fka Homecomings Financial Network, Inc. followed (GAAP) pursuant to 12 USC §1831n(a).

5) GMAC Mortgage, LLC fka GMAC Mortgage Corporation, Homecomings Financial LLC, fka Homecomings Financial Network, Inc. is required by law to fulfill its part of the original loan agreement by purchasing the alleged borrower's promissory note using a check or similar instrument.

*IG*
INT          INT.

6) GMAC Mortgage, LLC fka GMAC Mortgage Corporation, Homecomings Financial LLC fka
   Homecomings Financial Network, Inc. never accepted, received or deposited anything of value from
   the alleged borrower that would have been used to fund a check, credit or similar instrument of
   approved amount of the alleged loan.

I am concerned that an undisclosed deposit was made with GMAC Mortgage, LLC fka GMAC Mortgage
Corporation, Homecomings Financial LLC fka Homecomings Financial Network, Inc. and that GMAC
Mortgage , LLC fka GMAC Mortgage Corporation, Homecomings Financial LLC fka Homecomings
Financial Network, Inc., Independent CPA Financial Auditor failed to protect me in this transaction. In
order to prevent any deception, misrepresentation, or concealment, I am requesting that you forward that
portion of the original promissory note agreement with the above six (6) elements to satisfy and complete:

1   Adequate Assurance of Due Performance
2   That the proper party is to be repaid their money
3   That a theft of any party has not occurred
4   That I was provided, Full Disclosure, Adequate Consideration, and a Mutual Understanding of all
    material facts in the original transaction.

If you cannot or refuse to provide the portion of the original promissory note(s) agreement(s) with these
six (6) elements within thirty-days (30), please explain why and cease any and all collection activities
until said time the requested items can be provided.
In addition I am requesting copies of the following documents certified and verified (under oath) for
authenticity:

1. Form 1035 Custodian of Documents attached or associated with my original Promissory note and/or
name and address of said Custodian

2. Form 1099 Original Issue Discount for each year as holder in possession of the original Promissory
note

3. All escrow title confidential communications

4. The original Promissory note(s) associated with the above loan numbers

5. The allonge, front & back, affixed to the original Promissory note(s) for endorsements

6. The deposit slip(s) for the deposit of my Promissory note(s) associated with the above loan numbers

7. All bookkeeping journal / account ledger entries associated with my Promissory note agreement(s) and
loan numbers

8. Certified copies of cancelled checks issued by GMAC Mortgage , LLC in payment of said promissory
note(s) and security instrument(s).

Please send all requested documents within thirty-days (30) to insure honor obligation in the original
transaction, and again if you cannot or refuse to do so, please explain why.

All communications and omissions will be made part of and incorporated into any litigation arising from
this matter and all Fair Debt Collection Practices Act violations will be dealt with accordingly.

Thank you for responding in a timely manner.

_IG_
INT

INT

Sincerely,
Signed without prejudice/without recourse UCC-1-308

_Israel Garcia and Jessenia Garcia_                    _Jessenia Garcia  11/25/08_
                                                                    Date

## ACKNOWLEDGEMENT

**IN WITNESS WHEREOF** the person(s) have duly affixed their signature(s) under hand and seal on this 25th day of NOVEMBER, 2008.

Israel Garcia _____    Date 11/25/08

Jessenia Garcia _____    Date 11/25/08

State of Arizona            )
                                       )ss
County of Maricopa        )

On this day personally appeared before me Israel Garcia and Jessenia Garcia person(s), to me known to be the individual/s described in and who executed the foregoing instrument, and acknowledged that he/she/they signed the same as his/her/their free and voluntary act and deed for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this 25th day of November 20 08.

NOTARY PUBLIC _____    My Commission expires 4-24-2012



```
                OFFICIAL SEAL
               SELLA KEVOIAN
        NOTARY PUBLIC - State of Arizona
               MARICOPA COUNTY
         My Comm. Expires April 24, 2012
```

IG
INT

INT

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GMAC Mortgage, LLC FKA
GMAC Mortgage Corporation
1100 Virginia Drive
Fort Washington, PA 19034

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☑ Agent
                        ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from se    7008 1830 0000 1141 1285

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

BURBANK CA 91504

| | | |
|---|---|---|
| Postage | $ $0.59 | 0080 |
| Certified Fee | $2.70 | 38 Postmark Here |
| Return Receipt Fee (Endorsement Required) | $2.20 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.49 | 12/10/2008 |

Sent To Executive Trustee Services LLC
Street, Apt. No.; or PO Box No. 2255 N Ontario St #400
City, State, ZIP+4 BURBANK, CA 91504-3120

PS Form 3800, August 2006        See Reverse for Instructions

7008 1830 0000 1141 1278

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

FORT WASHINGTON PA 19034

| | | |
|---|---|---|
| Postage | $ $0.42 | 0080 |
| Certified Fee | $2.70 | 38 Postmark Here |
| Return Receipt Fee (Endorsement Required) | $2.20 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.32 | 12/10/2008 |

Sent To GMAC MORTGAGE LLC
Street, Apt. No.; or PO Box No. 1100 VIRGINIA DRIVE
City, State, ZIP+4 FORT WASHINGTON, PA 19034

PS Form 3800, August 2006        See Reverse for Instructions

7008 1830 0000 1141 1285

# EXHIBIT "B"

November 11, 2008

Ivan A. Madrueno
1815 East Pecan Road
Phoenix, AZ 85040

First American Title Ins Co        CERTIFIED MAIL RECEIPT # <u>7007 2560 0000 5805 0807</u>
P. O. Box 2922
Phoenix, AZ  85062

Wells Fargo Bank, N.A.            CERTIFIED MAIL RECEIPT # <u>7007 2560 0000 5805 0814</u>
P. O. Box 17339
Baltimore, MD 21297-1339

RE: Loan Account # <u>**0062579693**</u>
Property Address:  1815 East Pecan Street/Phoenix, AZ 85040

**ACTUAL NOTICE OF ORIGINAL NOTE FULL DISCLOSURE &**
**PRODUCTION OF ORIGINAL DOCUMENTS**

**NON-NEGOTIABLE NON-TRANSFERABLE NOTICE OF DISPUTE**
**APPLICABLE TO ALL SUCCESSORS AND ASSIGNS**

To Whom It May Concern:

It has come to my attention after consulting with legal counsel/estate planning professional, my
CPA, and researching U.S.C.A., the C.F.R., Anderson's U.C.C., S.E.C. Regulations and specific
Federal Reserve Bank Publications that there is good reason to believe that Wells Fargo Bank,
N.A. may not be "Holder in Due Course" of my original promissory note(s) agreement(s).

Therefore, I hereby give **ACTUAL NOTICE OF ORIGINAL NOTE FULL DISCLOSURE**
**& PRODUCTION OF ORIGINAL DOCUMENTS**. Notice to the Principal is Notice to the
Agent and Notice to the Agent is Notice to the Principal.

This is not a refusal to pay. This notice constitutes my Demand to Cease and Desist Collection
Activities Prior to **Validation** under oath (verification) of Purported Debt.

Please be advised that according to The Fair Debt Collections Practices Act, 3.2 Note and
Contract Law...
*"Where the complaining party can not prove the existence of the note, then there is no note. To*
*recover on a promissory note, the plaintiff must prove:  (1) the existence of the note in question;*
*(2) that the party sued signed the note; (3) that the plaintiff is the owner or holder of the note:*
*and (4)that a certain balance is due and owing to the note."* See In Re:  SMS Financial LLc. V.
AbcoHomes, Inc., No.98-50117 February 18, 1999 (5th Circuit Court of Appeals)

_____        _____
   INT              INT .

Furthermore, this Notice confirms that your claim is disputed under 15 USC § 1692 *et seq.* Please verify under oath that this claim is valid, free from any claims and defenses including but not limited to any breach of agreement, failure of consideration, and **material alteration of the original agreement.** Further, that the alleged account was transferred in good faith and by the consent of all parties involved.

I am requesting you to produce the following documents:

1) The name, address and title of the officer that retained you

2) Proof of identification of Creditor

3) Proof of identification of Debtor

4) A copy of your license to be a Collection Agency in the State of Arizona

5) A copy of your license to operate a Collection Agency in the State of Arizona

6) A copy of the implementing regulation instructing you on your duties, obligations, authority, and limitations of authority as a Collection Agency in the State of Arizona

7) A copy of the law giving you authority to use the U.S. Mails to make ethereal and unsubstantiated claims

8) The bond with account #, trustee of said account, and my right to sue said account for any violations to the Arizona Business and Commercial Code while you are attempting to operate a business in Arizona

I am also requesting that First American Title Ins Co. and Wells Fargo Bank, N.A. provide me with certified and verified (under oath) true "blue ink" original Note(s) front and back and documents wherein the following six (6) elements concerning the contracts terms and conditions are clearly stated:

1) The borrower is prohibited from repaying any party, other than the party that provided the capital that funded the alleged loan.

2) That the borrower is strictly prohibited from making any payments to anyone who did not provide any capital that would have funded the loan.

3) The borrower is required to repay the alleged loan using the same species of money, money equivalent or credit according to Generally Accepted Accounting Principles (hereinafter "GAAP"), that Wells Fargo Bank, N.A. used to fund the alleged loan or similar instrument, thus, ending all interests and liens.

4) Wells Fargo Bank, N.A. followed (GAAP) pursuant to 12 USC §1831n(a).

*JAM*
_____        _____
INT           INT .

5) Wells Fargo Bank, N.A. is required by law to fulfill its part of the original loan agreement by purchasing the alleged borrower's promissory note using a check or similar instrument.

6) Wells Fargo Bank, N.A. never accepted, received or deposited anything of value from the alleged borrower that would have been used to fund a check, credit or similar instrument of approved amount of the alleged loan.

I am concerned that an undisclosed deposit was made with Wells Fargo Bank, N.A. and that Wells Fargo Bank, N.A., Independent CPA Financial Auditor failed to protect me in this transaction. In order to prevent any deception, misrepresentation, or concealment, I am requesting that you forward that portion of the original promissory note agreement with the above six (6) elements to satisfy and complete:

1   Adequate Assurance of Due Performance
2   That the proper party is to be repaid their money
3   That a theft of any party has not occurred
4   That I was provided, Full Disclosure, Adequate Consideration, and a Mutual Understanding of all material facts in the original transaction.

If you cannot or refuse to provide the portion of the original promissory note(s) agreement(s) with these six (6) elements within thirty-days (30), please explain why and cease any and all collection activities until said time the requested items can be provided.
In addition I am requesting copies of the following documents certified and verified (under oath) for authenticity:

1. Form 1035 Custodian of Documents attached or associated with my original Promissory note and/or name and address of said Custodian

2. Form 1099 Original Issue Discount for each year as holder in possession of the original Promissory note

3. All escrow title confidential communications

4. The original Promissory note(s) associated with the above loan numbers

5. The allonge, front & back, affixed to the original Promissory note(s) for endorsements

6. The deposit slip(s) for the deposit of my Promissory note(s) associated with the above loan numbers

7. All bookkeeping journal / account ledger entries associated with my Promissory note agreement(s) and loan numbers

8. Certified copies of cancelled checks issued by Wells Fargo Bank, N.A. in payment of said promissory note(s) and security instrument(s).

INT          INT .

Please send all requested documents within thirty-days (30) to insure honor obligation in the original transaction, and again if you cannot or refuse to do so, please explain why.

All communications and omissions will be made part of and incorporated into any litigation arising from this matter and all Fair Debt Collection Practices Act violations will be dealt with accordingly.

Thank you for responding in a timely manner.

Sincerely,
Signed without prejudice/without recourse UCC-1-308

_____                    11-11-2008
Ivan A. Madrueno                              Date

**ACKNOWLEDGEMENT**

**IN WITNESS WHEREOF** the person(s) have duly affixed their signature(s) under hand and seal on this ___ day of _____, 2008.

Ivan A. Madrueno  _____   Date  11-11-2008


State of Arizona          )
                          )ss
County of Maricopa        )

On this day personally appeared before me  Ivan A. Madrueno _____
person(s), to me known to be the individual/s described in and who executed the foregoing instrument, and acknowledged that he/she/they signed the same as his/her/their free and voluntary act and deed for the uses and purposes therein mentioned.

    GIVEN under my hand and offical seal this ___ day of  November _____
20 08 .

NOTARY PUBLIC _____  My Commission expires
08.02.09

JESSENIA GARCIA
Notary Public, State of Arizona
Maricopa County
My Commission Expires
August 02, 2009


                                                    _____
                                                    INT      INT .

# EXHIBIT "C"

| | | |
|---|---|---|
| STATE OF ARIZONA | ). | Order # G741600 |
| COUNTY OF Maricopa | ) | TS # AZ-07-121313-DL |
| | ) | |
| Kathleen L. Coniam | | |
| 8438 North 85th Street | ) | |
| Scottsdale, AZ 85258 | ) | |
| | ) | |
| | ) | |

## AFFIDAVIT

I, Kathleen L. Coniam, herein after "Affiant", being duly sworn, depose and declares that the statements made herein, are true and correct to the best of my knowledge, and not meant to mislead.

## STATEMENT OF FACTS

I am the original Maker, Creator, and Owner in equity of Promissory Note identified as note dated May 23, 2006 in the amount of $677,873.11 herein "Promissory Note". As of the date of this Affidavit, I have **not** transferred ownership of said Promissory Note via gift exchange, purchase agreement, or Court Judgment Order. To date I have **not** received any payment or consideration to transfer equitable ownership of said Promissory Note.

Further Affiant sayeth not.

*Kathleen L. Coniam*
Affiant KATHLEEN L. CONIAM

## ACKNOWLEDGEMENT

STATE OF *Arizona*          )
                                          )ss
COUNTY OF *Maricopa*     )

On this day personally appeared before me *Kathleen L. Coniam* Affiant/s, to me known to be the individual/s described in and who executed the foregoing instrument, and acknowledged that he/she/they signed the same as his/her/their free and voluntary act and deed for the uses and purposes therein mentioned.

GIVEN under my hand and offical seal this _____ *15th* _____ day of *January* 20 *08*.

*Jessenia Garcia* NOTARY PUBLIC IN AND FOR THE STATE OF ARIZONA.

Residing at *Maricopa County* My Commission expires *August 02, 2009*

JESSENIA GARCIA
Notary Public, State of Arizona
Maricopa County
My Commission Expires
August 02, 2009

Kathleen L. Coniam                              January 15, 2008
8438 North 85th Street
Scottsdale, Arizona 85258
CERTIFIED MAIL RECEIPT #

Quality Loan Service Corp.
2141 5th Avenue
San Diego, CA 92101

RE: Loan Account # 3002054876
T.S. # AZ-07-121313-DL
Order # G741600

**ACTUAL NOTICE OF ORIGINAL NOTE FULL DISCLOSURE &
PRODUCTION OF ORIGINAL DOCUMENTS**

**NON-NEGOTIABLE NON-TRANSFERABLE NOTICE OF DISPUTE
APPLICABLE TO ALL SUCCESSORS AND ASSIGNS**

Dear Jim Montes:

This is in response to your correspondence dated January 02, 2008, Post Marked January
03, 2008 and recorded with the Maricopa County Recorder December 27, 2007, 2007 . It
has come to my attention after consulting with legal counsel/estate planning professional,
my CPA, and researching U.S.C.A., the C.F.R., Anderson's U.C.C., S.E.C. Regulations
and specific Federal Reserve Bank Publications that there is good reason to believe that
Indymac Bank FSB may not be "Holder in Due Course" of my original promissory
note(s) agreement(s).

Therefore, I hereby give **ACTUAL NOTICE OF ORIGINAL NOTE FULL
DISCLOSURE & PRODUCTION OF ORIGINAL DOCUMENTS**. Notice to the
Principal is Notice to the Agent and Notice to the Agent is Notice to the Principal.

This is not a refusal to pay. This notice constitutes my Demand to Cease and Desist
Collection Activities Prior to **Validation** under oath (verification) of Purported Debt.

Furthermore, this Notice confirms that your claim is disputed under 15 USC § 1692 *et
seq*. Please verify under oath that this claim is valid, free from any claims and defenses
including but not limited to any breach of agreement, failure of consideration, and
**material alteration of the original agreement**. Further, that the alleged account was
transferred in good faith and by the consent of all parties involved.

"Verification, n. 1. A formal declaration made in the presence of an authorized officer,
such as a notary public, by which one swears to the truth of the statements in the
document. ..." Black's Law Dictionary, 7th Edition (1999).

"It is established law that verification is a sworn statement of the truth of the facts
stated in the instrument which is verified." H.A.M.S. Company v. Electric Contractors
of Alaska, Inc. (1977) 563 Pacific Reporter 258, 260.

I am requesting you to produce the following documents:

1) The name, address and title of the officer that retained you

2) Proof of identification of Creditor

3) Proof of identification of Debtor

4) A copy of your license to be a Collection Agency in the State of Califonria

5) A copy of your license to operate a Collection Agency in the State of Califonria

6) A copy of the implementing regulation instructing you on your duties, obligations, authority, and limitations of authority as a Collection Agency in the State of California and in the State of Arizona

7) A copy of the law giving you authority to use the U.S. Mails to make ethereal and unsubstantiated claims

8) The bond with account #, trustee of said account, and my right to sue said account for any violations to the Arizona Business and Commercial Code and the California Business and Commercial Code while you are attempting to operate a business in California.

I am also requesting that Quality Laon Service Corp. and Indymac Bank FSB provide me with certified and verified (under oath) true copies of the original Note(s) and documents wherein the following six (6) elements concerning the contracts terms and conditions are clearly stated:

1) The borrower is prohibited from repaying any party, other than the party that provided the capital that funded the alleged loan.

2) That the borrower is strictly prohibited from making any payments to anyone who did not provide any capital that would have funded the loan.

3) The borrower is required to repay the alleged loan using the same species of money, money equivalent or credit according to Generally Accepted Accounting Principles (hereinafter "GAAP"), that Indymac Bank FSB used to fund the alleged loan or similar instrument, thus, ending all interests and liens.

4) Indymac Bank FSB followed (GAAP) pursuant to 12 USC §1831n(a).

5) Indymac Bank FSB is required by law to fulfill its part of the original loan agreement by purchasing the alleged borrower's promissory note using a check or similar instrument.

6) Indymac Bank FSB never accepted, received or deposited anything of value from the alleged borrower that would have been used to fund a check, credit or similar instrument of approved amount of the alleged loan.

I am concerned that an undisclosed deposit was made with Indymac Bank FSB and that Indymac Bank FSB Independent CPA Financial Auditor failed to protect me in this transaction. In order to prevent any deception, misrepresentation, or concealment, I am requesting that you forward that portion of the original promissory note agreement with the above six (6) elements to satisfy and complete:

1  Adequate Assurance of Due Performance
2  That the proper party is to be repaid their money
3  That a theft of any party has not occurred
4  That I was provided, Full Disclosure, Adequate Consideration, and a Mutual Understanding of all material facts in the original transaction.

If you cannot or refuse to provide the portion of the original promissory note(s) agreement(s) with these six (6) elements within thirty-days (30), please explain why and cease any and all collection activities until said time the requested items can be provided. In addition I am requesting copies of the following documents certified and verified (under oath) for authenticity:

1. Form 1035 Custodian of Documents attached or associated with my original Promissory note and/or name and address of said Custodian

2. Form 1099 Original Issue Discount for each year as holder in possession of the original Promissory note

3. All escrow title confidential communications

4. The original Promissory note(s) associated with the above loan numbers

5. The allonge, front & back, affixed to the original Promissory note(s) for endorsements

6. The deposit slip(s) for the deposit of my Promissory note(s) associated with the above loan numbers

7. All bookkeeping journal / account ledger entries associated with my Promissory note agreement(s) and loan numbers

8. Certified copies of cancelled checks issued by Indymac Bank FSB in payment of said promissory note(s) and security instrument(s).

Please send all requested documents within thirty-days (30) to insure honor obligation in the original transaction, and again if you cannot or refuse to do so, please explain why.

All communications and omissions will be made part of and incorporated into any litigation arising from this matter and all Fair Debt Collection Practices Act violations will be dealt with accordingly.

Thank you for responding in a timely manner.

Sincerely;
Signed without prejudice:  _Kathleen L. Coniam_     01-15-08
Kathleen L. Coniam                                    Date

## ACKNOWLEDGEMENT

IN WITNESS WHEREOF the person(s) have duly affixed their signature(s) under hand and seal on this _15th_ day of _January_, 20_08_.

Kathleen L. Coniam _Kathleen L. Coniam_     Date: _01-15-08_

State of _Arizona_ )

)ss

County of _Maricopa_ )

On this day personally appeared before me _Kathleen Coniam_ person(s), to me known to be the individual/s described in and who executed the foregoing instrument, and acknowledged that he/she/they signed the same as his/her/their free and voluntary act and deed for the uses and purposes therein mentioned.

GIVEN under my hand and offical seal this _15th_ day of _January_ 20 _08_

_Jessenia Garcia_     NOTARY PUBLIC IN AND FOR

THE STATE OF ARIZONA.

Residing at _Maricopa County_   My Commission expires _August 02, 2009_

JESSENIA GARCIA
Notary Public, State of Arizona
Maricopa County
My Commission Expires
August 02, 2009



U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ .75 |
| Certified Fee | 3.75 |
| Return Receipt Fee (Endorsement Required) | 2.20 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.70 |

7007 2680 0000 9129 4650

Postmark Here

MAIL & PARCEL EXPRESS
SCOTTSDALE, AZ

Sent To: *Quality Loan Service Corp.*
Street, Apt. No.; or PO Box No. *2141 5th Avenue*
City, State, ZIP+4 *San Diego, CA. 92101*

PS Form 3800, August 2006          See Reverse for Instructions

Israel Garcia and Jessenia M. Garcia
6526 South 41st Lane
Phoenix, Arizona  85041
602-405-3503

Ivan A. Madrueno
1815 East Pecan Road
Phoenix, Arizona  85040
602-323-5248

Priscilla Ann Saladores
Kathleen L. Coniam
8438 North 85th Street
Scottsdale, Arizona 85251
480-214-3749

In Propia Persona

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| In the Matter of:<br>**ISRAEL GARCIA AND JESSENIA M. GARCIA, IVAN A. MADRUENO, AND PRISCILLA ANN SALADORES AND KATHLEEN L. CONIAM**<br><br>**Plaintiffs,**<br><br>v<br><br>GMAC Mortgage, LLC fka GMAC MORTGAGE CORPORATION, Executive Trustee Services, LLC, Wells Fargo Bank, N.A., Ronald M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation, GMAC Mortgage, LLC, John Does 1 through 1,000, et al.<br>**Defendants.** | Case No.:   CV2009-000808<br><br><br><br>**COMPULSARY ARBITRATION** |

COPY

JAN 12 2009

The undersigned certifies that the largest award sought by the complainant, including punitive damages, but excluding interest, attorneys' fees costs does exceed the limits set by local Rule for compulsory arbitration. This case is not subject to the Uniform Rules of Procedure for Arbitration.

DATED this ___12½___ day of January 2009.


**Israel Garcia**                    **Jessenia M. Garcia**


**Ivan A. Madrueno**                 **Priscilla Ann Saladores**


**Kathleen L. Coniam**

Israel Garcia and Jessenia M. Garcia
6526 South 41st Lane
Phoenix, Arizona 85041
602-405-3503

Ivan A. Madrueno
1815 East Pecan Road
Phoenix, Arizona 85040
602-323-5248

Priscilla Ann Saladores
Kathleen L. Coniam
8438 North 85th Street
Scottsdale, Arizona 85251
480-214-3749

In Propia Persona



COPY

JAN 1 2 2009

MICHAEL K. JEANES, CLERK
V. Escalante
DEPUTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

CV2009-000808

In the Matter of:
**ISRAEL GARCIA AND JESSENIA M. GARCIA, IVAN A. MADRUENO, AND PRISCILLA ANN SALADORES AND KATHLEEN L. CONIAM**

Plaintiffs,

v

GMAC Mortgage, LLC fka GMAC MORTGAGE CORPORATION, Executive Trustee Services, LLC, Wells Fargo Bank, N.A., Ronald M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation, GMAC Mortgage, LLC, John Does 1 through 1,000, et al.

**Defendants.**

Case No.:

**NOTICE OF LIS PENDENS**

Notice is hereby given:

1.  By Plaintiffs, GARCIA, that a civil action has been commenced in this court on January 12, 2009 involving the above-named parties as Plaintiffs, GARCIA, and Defendants, GMAC Mortgage LLC, fka GMAC Mortgage Corporation, Executive Trustee Services, LLC.   The object of the action is to adjudicate the interests affecting the real property know as 6526 South 41st Lane, Phoenix, Arizona 85041. By Plaintiff MADRUENO, that a civil action has been commenced in this court on January 12, 2009, involving the above-named parties as Plaintiffs, MADRUENO, and Defendants, Wells Fargo Bank, N.A. and Ronald M. Horwitz.  The object of the action is to adjudicate the interests affecting the real property know as 1815 East Pecan Road, Phoenix, Arizona 85040.  By Plaintiffs, SALADORES/CONIAM that a civil action has been commenced in this court on January 12, 2009, involving the above-named parties as Plaintiffs, SALADORES/CONIAM and Defendants, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation, GMAC Mortgage, LLC.  The object of the action is to adjudicate the interests affecting the real property know as 8438 North 85th Street Scottsdale, Arizona, 85251.

2.  The property 6526 South 41st Lane, Phoenix, Arizona 85041 is located in Maricopa County, and the legal description attached as:  LOT 12, Vineyard Commons, According to the Plat of the County Recorder in Book 617 of Maps, Page 27 Records of Maricopa County, Arizona.  The property 1815 East Pecan Road, Phoenix, Arizona  85040 is located in Maricopa County, and the legal description

attached as: LOT 183, of Southern Village, According to the Plat of Record in the Office of the County Recorder of Maricopa County, Arizona, Recorded in Book 58 of Maps, Page 34. The property 8438 North 85th Street Scottsdale, Arizona, 85251 is located in Maricopa County, and the legal description attached as: Lot 233, of a Replat of Suggs Rancho McCormick, According to the Plat of Record in the Office of the County Recorder of Maricopa County, Arizona, Recorded Book 282 of Maps, Page 42 and Certificate of Correction Recorded June 24, 1985 at Document No. 85-289691 and Re-recorded August 20, 1985 in Document No. 85-392988 and Certificate of Addendum Recorded in Recorders No. 87-81343, Records of Maricopa County, Arizona; Except all Subterranean Groundwaters Continued within, Underlying and which may be produced in said land, as Reserved in Deed Recorded in Docket 12774, Page 1601. Any purchasers or encumbrance of this real property shall be held to have constructive notice of the pendency of this action and of the claims made therein.

3.  Plaintiffs, GARCIA, MADRUENO, and SALADORES/CONIAM seek to have its claim of record and legal title established and that the Defendants, GMAC Mortgage LLC, fka GMAC Mortgage Corporation, Wells Fargo, N.A. and GMAC Mortgage Corporation LLC, Executive Trustee Services, LLC, Ronald M. Horwitz, Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation joined in this action be forever barred and estopped from claiming any right, title or interest to the property that are adverse to Plaintiffs.

Dated this _12th_ day of January 2009

By: Israel Garcia

By: Jessenia M. Garcia

By: Ivan A. Madrueno

By: Priscilla Ann Saladores

By:   Kathleen L.  Coniam

STATE OF ARIZONA

COUNTY OF MARICOPA

ACKNOWLEDGED before me this _12th_ day of January 2009, Israel Garcia

My Commission Expires: _2-17-2012_



_Hortencia Valle_
Notary

Seal or Stamp

STATE OF ARIZONA

COUNTY OF MARICOPA

ACKNOWLEDGED  before  me  this _12th_  day  of  January  2009,  Jessenia  M.

Garcia

My Commission Expires: _2/4/2012_



_Hortencia Valle_
Notary

Seal or Stamp

STATE OF ARIZONA

COUNTY OF MARICOPA

ACKNOWLEDGED before me this __12th__ day of January 2009, Ivan A. Madrueno

My Commission Expires: _2-4-2012_



_Hortencie Valle_
Notary

Seal or Stamp

STATE OF ARIZONA

COUNTY OF MARICOPA

ACKNOWLEDGED before me this __12th__ day of January 2009, Priscilla Ann

Saladores

My Commission Expires: _2-4-2012_

_Hortencie Valle_
Notary

Seal or Stamp

STATE OF ARIZONA

COUNTY OF MARICOPA

ACKNOWLEDGED before me this __12th__ day of January 2009, Kathleen L.

Coniam

My Commission Expires: _2-4-2012_

_Hortencie Valle_
Notary

Seal or Stamp

# EXHIBIT "B"

1  Janessa E. Koenig (018618)
   **JABURG & WILK, P.C.**
2  3200 N. Central Avenue, Suite 2000
   Phoenix, Arizona 85012
3  (602) 248-1000

4  Attorneys for Ronald M. Horwitz

5

6

7

8

9

10   ISRAEL GARCIA, JESSENIA M.
     GARCIA, IVAN A. MADRUENO,
11   PRISCILLA ANN SALADORES AND
     KATHLEEN L. CONIAM,

12            Plaintiffs,

13   vs.

14   GMAC MORTGAGE, LLC fka GMAC
     MORTGAGE CORPORATION;
15   EXECUTIVE TRUSTEE SERVICES,
     LLC; WELLS FARGO BANK, N.A.;
16   RONALD M. HORWITZ; RESIDENTIAL
     FUNDING COMPANY, LLC fka
17   RESIDENTIAL FUNDING
     CORPORATION; QUALITY LOAN
18   SERVICE CORPORATION; GMAC
     MORTGAGE, LLC; JOHN DOES 1
19   THROUGH 1,000 et al.,

20            Defendants.

21

RECEIVED

FEB - 6 2009

SNELL & WILMER
32598.0238
  GJM
B2D  MAM SMD TEW

**SUPERIOR COURT OF ARIZONA**

**MARICOPA COUNTY**

Case No. CV2009-000808

**MOTION TO DISMISS
RONALD M. HORWITZ**

(Assigned to Honorable Sam Myers)

*Response, if applicable 2-23-09*

22        Defendant Ronald M. Horwitz, by and through undersigned counsel, and pursuant

23   to Rules 12(b)(1) and 12(b)(6), Ariz.R.Civ.P., and A.R.S. §33-807(E), requests that the

24   Court dismiss the Complaint against him with prejudice because the Complaint fails to

25   state any claims against him upon which relief can be granted.   Arizona law limits the

26   types of actions in which a Trustee under a Deed of Trust can be named as a Defendant.

27   The Plaintiffs have failed to allege any facts or legal grounds which permit Ronald M.

28   Horwitz to be a named Defendant in this lawsuit.   Ronald Horwitz requests that the

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

49147-91959/JEK/JEK/702119_v1

1    Complaint be dismissed against him with prejudice, and that the Court award him the

2    attorneys' fees and costs he has incurred herein.   This Motion is supported by the

3    accompanying Memorandum of Facts and Authorities and by all of the pleadings and

4    matters of record on file with the Court, all of which are incorporated herein by this

5    reference.

6          RESPECTFULLY SUBMITTED this _____ day of February, 2009.

7                             **JABURG & WILK, P.C.**

8

9                             _____

10                             Janessa E. Koenig, Esq.
                                Attorneys for Defendant Ronald Horwitz

11

12

13                **MEMORANDUM OF FACTS AND AUTHORITIES**

14

15    **I.**     **Relevant Factual Background.**

16

17          On or about March 3, 2006, Plaintiff Ivan A. Madrueno entered into a Promissory

Note ("the Note") with Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), under which

18

19 Wells Fargo loaned him the principal amount of $151,900.00.   The Note was secured by a

20 Deed of Trust dated March 3, 2006, and recorded on March 14, 2006 with the Maricopa

21 County Recorder's Office at Instrument Number 2006-0345552 ("the Wells Fargo Deed

22 of Trust"), which constituted a lien against Plaintiff Madrueno's real property located at

23 1815 East Pecan Road, Phoenix, Arizona 85040.

24          On or about November 14, 2008, Wells Fargo executed a Notice of Substitution of

Trustee, under which Defendant Ronald M. Horwitz was appointed as the Successor

25 Trustee under the Wells Fargo Deed of Trust.   Thereafter, on or about November 20,

26 2008, Defendant Horwitz signed a Notice of Trustee's Sale with respect to Plaintiff

27 Madrueno's property which secured the Note.

28

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

2

II.    **Legal Argument.**

Arizona law specifically sets forth the types of actions in which a Trustee under a Deed of Trust can be named as a Defendant.  Specifically, A.R.S. §33-807(E) provides as follows:

> The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust. Any order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter. **If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee.** (Emphasis added).

No where in the Complaint have the Plaintiffs alleged that Defendant Horwitz has breached any obligation which a trustee owes anyone as provided by Arizona law, nor does the Complaint even allege that Defendant Horwitz breached any obligation owed to anyone under the Wells Fargo Deed of Trust.  Rather, all of the allegations and claims pertain to Wells Fargo, the Beneficiary under the Deed of Trust.  Further, the Plaintiffs have asserted the following, vague claims for relief: (1) temporary injunction; (2) permanent injunction; (3) set aside or vacate sale; (4) set aside or vacate note and mortgage; and (5) unjust enrichment.  None of these claims can be asserted against Ronald M. Horwitz, as a Trustee, under Arizona law.  Moreover, if any of the claims are granted as against Wells Fargo, the beneficiary under the Wells Fargo Deed of Trust, any relief granted will be binding up Defendant Horwitz as Trustee.  For example, if Wells Fargo is enjoined from proceeding with its Trustee's Sale, then Ronald Horwitz is likewise enjoined, and cannot proceed with the Trustee's Sale even if he is not a party to this lawsuit.

As set forth above, in the event the Court ultimately finds that Wells Fargo has liability for some act pertaining to the Deed of Trust, any order entered against Wells Fargo will be binding upon Defendant Horwitz, as Trustee.  Accordingly, there is simply no reason for Defendant Horwitz to be joined as a party to this lawsuit, and A.R.S. §33-

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

3

807(E) prohibits the joinder of Defendant Horwitz in this lawsuit.  The Complaint therefore fails to state any claims against Defendant Horwitz upon which relief can be granted.

Therefore, because the Complaint fails to allege any claims which can be asserted against a trustee under a Deed of Trust under Arizona law, the Complaint fails state any claims against Defendant Horwitz, and it should be dismissed against him with prejudice as a matter of law.

RESPECTFULLY SUBMITTED this _3rd_ day of February, 2009.

JABURG & WILK, P.C.

Janessa E. Koenig
Attorneys for Ronald M. Horwitz

**ORIGINAL** filed and **COPY**
of the foregoing hand-delivered
this 3rd day of February, 2009 to:

Honorable Sam Myers
Maricopa County Superior Court

**COPIES** of the foregoing mailed
this 3rd day of February, 2009 to:

Israel Garcia & Jessenia Garcia
6526 S. 41st Lane
Phoenix, Arizona 85041
Plaintiffs Pro Per

Ivan A. Madrueno
1815 East Pecan Road
Phoenix, Arizona 85040
Plaintiff Pro Per

Priscilla Ann Saladores
Kathleen L. Coniam
8438 North 85th Street
Scottsdale, Arizona 85251
Plaintiff Pro Per

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

4

# EXHIBIT "C"

1  Gregory J. Marshall (#019886)
   Terence Whatley (#026670)
2  SNELL & WILMER L.L.P.
   One Arizona Center
3  400 East Van Buren Street
   Phoenix, AZ  85004-2202
4  Telephone: (602) 382-6000
   Facsimile:  (602) 382-6070
5  gmarshall@swlaw.com
   twhatley@swlaw.com
6  Attorneys for Defendant Wells Fargo Bank, N.A.

7  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8  **IN AND FOR THE COUNTY OF MARICOPA**

9
10  ISRAEL GARCIA AND JESSENIA M.          Case No. CV2009-000808
    GARCIA, IVAN A. MADRUENO, AND
11  PRISCILLA ANN SALADORES AND         **NOTICE OF APPEARANCE**
    KATHLEEN L. CONIAM,
12                                        **(The Honorable Sam Myers)**
                Plaintiffs,
13
    v.
14
    GMAC MORTGAGE, LLC, fka GMAC
15  MORTGAGE CORPORATION,
    EXECUTIVE TRUSTEE SERVICES,
16  LLC, WELLS FARGO BANK, N.A.,
    RONALD M. HORWITZ, RESIDENTIAL
17  FUNDING COMPANY, LLC, fka
    RESIDENTIAL FUNDING
18  CORPORATION, QUALITY LOAN
    SERVICE CORPORATION, GMAC
19  MORTGAGE, LLC, JOHN DOES 1
    through 1,000, et al.,
20
                Defendants.
21

22       Notice is hereby given that Gregory J. Marshall and Terence Whatley of the law

23  firm Snell & Wilmer L.L.P. appear as counsel for Defendant Wells Fargo Bank, N.A., in

24  this case.

25

26

*(left margin)* Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

DATED this 2nd day of February, 2009.

SNELL & WILMER

By: _(signature)_
Gregory J. Marshall
Terence J. Whatley
One Arizona Center
Phoenix, Arizona 85004-2202
Attorneys for Defendant
Wells Fargo Bank, N.A.

**ORIGINAL** of the foregoing
**FILED** the 2nd day of February, 2009
and **COPY HAND-DELIVERED**
the 2nd day of February, 2009, to:

The Honorable Sam Myers
Maricopa County Superior Court
101 W. Jefferson, ECB-611
Phoenix, AZ 85003

**COPY** of the foregoing **MAILED**
the 2nd day of February, 2009, to:

Israel Garcia
Jessenia M. Garcia
6526 South 41st Lane
Phoenix, AZ 85041
Plaintiffs *Pro Per*

Ivan A. Madrueno
1815 E. Pecan Rd.
Phoenix, AZ 85040
Plaintiff *Pro Per*

Priscilla Ann Saladores
Kathleen L. Coniam
8438 N. 85th Street
Scottsdale, AZ 85251
Plaintiffs *Pro Per*

_(signature)_

9464239

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

- 2 -

MICHAEL K. JEANES, CLERK
RECEIVED SE
OUTSIDE DEPOSITORY

**09 JAN 21 AM 11:11**

FILED
BY J. FOLTS, DEP

Arizona Quick Serve
7150 E Camelback Road, Suite 444
Scottsdale, AZ 85251
480.314.5050

## IN THE MARICOPA COUNTY SUPERIOR COURT

## MARICOPA COUNTY, STATE OF ARIZONA

| | |
|---|---|
| In the Matter of Israel Garcia, et al. | Case Number: CV2009~000808 |
| Plaintiff(s)/Petitioner(s), | **CERTIFICATE OF PROCESS** |
| v. | |
| GMAC Mortgage, LLC., et al. | |
| Defendant(s)/Respondent(s). | |

The undersigned certifies I am fully qualified under ARCP 4(e) to serve process within the State of Arizona, and executed service in the manner described below:

<u>Documents Served:</u> Summons; Complaint for Injunctive Relief and Damages; Compulsory Arbitration; Notice of Lis Pendens

<u>Service Upon:</u> Executive Trustee Services LLC

<u>Date of Service:</u> 01/13/2009          <u>Time Of Service:</u> 1:20 PM

**Address of Service:** 2338 W Roayi Palm Rd #J , Phoenix, AZ 85021

**Manner of Service:**

☐ By serving _____ in person.

☐ Substitute, by serving _____, a person of suitable age & discretion who resides with _____ at the address of service.

☑ By personally serving **Ashley McAuliffe** of CSC who holds the position of **Registered Agent.**

☐ Other Service, As Detailed Below.

☐ Non-Service for the Reasons Detailed Below.

_____

_____

I certify under penalty of perjury that the foregoing is true and correct.

X _____
Declarant: Print Name _Warren Mays_
Registered in _Maricopa_ County

Executed on _01  113 /2009_

| | |
|---|---|
| Service: | $ 75.00 |
| Mileage: | $ |
| Locate: | $ |
| Other: | $ |
| Total: | $ 75.00 |

MICHAEL K. JEANES, CLERK
RECEIVED SE
OUTSIDE DEPOSITORY

09 JAN 21  AM 11: 11

FILED
BY J. FOLTS, DEP

Arizona Quick Serve
7150 E Camelback Road, Suite 444
Scottsdale, AZ 85251
480.314.5050

## IN THE MARICOPA COUNTY SUPERIOR COURT

## MARICOPA COUNTY, STATE OF ARIZONA

In the Matter of Israel
Garcia, et al.

Case Number: CV2009-000808

CERTIFICATE OF PROCESS

Plaintiff(s)/Petitioner(s),

v.

GMAC Mortgage, LLC., et
al.

Defendant(s)/Respondent(s).

The undersigned certifies I am fully qualified under ARCP 4(e) to serve process within the State of Arizona, and executed service in the manner described below:

Documents Served: Summons; Complaint for Injunctive Relief and Damages; Compulsory Arbitration; Notice of Lis Pendens

Service Upon: GMAC Mortgage, LLC.

Date of Service: 01/13/2009       Time Of Service: 1:20 PM

Address of Service: 2338 W Royal Palm Rd #J , Phoenix, AZ 85021

Manner of Service:

☐ By serving _____ in person.

☐ Substitute, by serving _____, a person of suitable age & discretion who resides with _____ at the address of service.

☑ By personally serving Ashley McAuliffe of CSC who holds the position of Registered Agent.

☐ Other Service, As Detailed Below.

☐ Non-Service for the Reasons Detailed Below.

_____

_____

I certify under penalty of perjury that the foregoing is true and correct.

X _____
Declarant: Print Name _____ Darren Mays
Registered In _____ Maricopa _____ County

Executed on  01 / 13 /2009

| | |
|---|---|
| Service: | $25.00 |
| Mileage: | $ |
| Locate: | $ |
| Other: | $ |
| Total: | $25.00 |

MICHAEL K. JEANES, CLERK
RECEIVED SE
OUTSIDE DEPOSITORY

09 JAN 21 AM 11: 11

FILED
BY J. FOLTS, DEP

Arizona Quick Serve
7150 E Camelback Road, Suite 444
Scottsdale, AZ 85251
480.314.5050

## IN THE MARICOPA COUNTY SUPERIOR COURT

### MARICOPA COUNTY, STATE OF ARIZONA

In the Matter of Israel
Garcia, et al.

        Plaintiff(s)/Petitioner(s),

v.

GMAC Mortgage, LLC., et
al.

        Defendant(s)/Respondent(s).

Case Number: CV2009-000808

**CERTIFICATE OF PROCESS**

The undersigned certifies I am fully qualified under ARCP 4(e) to serve process within the State of Arizona, and executed service in the manner described below:

<u>Documents Served:</u> **Summons; Complaint for Injunctive Relief and Damages; Compulsory Arbitration; Notice of Lis Pendens**

<u>Service Upon:</u> Quality Loan Service Corp

<u>Date of Service:</u> **01/13/2009**      <u>Time Of Service:</u> **2:35 PM**

**Address of Service: 2394 E Camelback Rd , Phoenix, AZ 85016**

**Manner of Service:**

☐ By serving _____ in person.

☐ Substitute, by serving _____, a person of suitable age & discretion who resides with _____ at the address of service.

☑ By personally serving **Duc Le of CT Corp** who holds the position of **Registered Agent.**

☐ Other Service, As Detailed Below.

☐ Non-Service for the Reasons Detailed Below.

_____

_____

I certify under penalty of perjury that the foregoing is true and correct.

X _____

Declarant: Print Name _____

Registered in _____ County

**Executed on** 11 / 13 / 2009

| | |
|---|---|
| Service: | $75.00 |
| Mileage: | $ |
| Locate: | $ |
| Other: | $ |
| Total: | $75.00 |

MICHAEL K. JEANES, CLERK
RECEIVED SE
OUTSIDE DEPOSITORY

09 JAN 21  AM 11: 10

FILED
BY J. FOLTS, DEP

Arizona Quick Serve
7150 E Camelback Road, Suite 444
Scottsdale, AZ 85251
480.314.5050

## IN THE MARICOPA COUNTY SUPERIOR COURT

## MARICOPA COUNTY, STATE OF ARIZONA

In the Matter of Israel
Garcia, et al.

Plaintiff(s)/Petitioner(s),

v.

GMAC Mortgage, LLC., et
al.

Defendant(s)/Respondent(s).

Case Number: CV2009–000808

CERTIFICATE OF PROCESS

The undersigned certifies I am fully qualified under ARCP 4(e) to serve process within the State of Arizona, and executed service in the manner described below:

Documents Served: Summons; Complaint for Injunctive Relief and Damages; Compulsory Arbitration; Notice of Lis Pendens

Service Upon: Residential FundingCompany, LLC.

Date of Service: 01/13/2009       Time Of Service: 1:20 PM

Address of Service: 2338 W Royal Palm Rd #J , Phoenix, AZ 85021

Manner of Service:

☐ By serving _____ in person.

☐ Substitute, by serving _____, a person of suitable age & discretion who resides with
_____ at the address of service.

☑ By personally serving Ashley McAuliffe of CSC who holds the position of Registered Agent.

☐ Other Service, As Detailed Below.

☐ Non-Service for the Reasons Detailed Below.

_____

_____

I certify under penalty of perjury that the foregoing is true and correct.

X _____
Declarant: Print Name _____ Darren Mays
Registered in _____ Maricopa _____ County

Executed on _01_ /_13_ /2009

| Service: | $25.00 |
|---|---|
| Mileage: | $ |
| Locate: | $ |
| Other: | $ |
| Total: | $25.00 |

MICHAEL K. JEANES, CLERK
RECEIVED SE
OUTSIDE DEPOSITORY

09 JAN 21  AM 11: 11

FILED
BY J. FOLTS, DEP

Arizona Quick Serve
7150 E Camelback Road, Suite 444
Scottsdale, AZ 85251
480.314.5050

## IN THE MARICOPA COUNTY SUPERIOR COURT

## MARICOPA COUNTY, STATE OF ARIZONA

In the Matter of Israel
Garcia, et al.

        Plaintiff(s)/Petitioner(s),

v.

GMAC Mortgage, LLC., et
al.

        Defendant(s)/Respondent(s).

Case Number: CV2009-000808

CERTIFICATE OF PROCESS

The undersigned certifies I am fully qualified under ARCP 4(e) to serve process within the State of Arizona, and executed service in the manner described below:

Documents Served: Summons; Complaint for Injunctive Relief and Damages; Compulsory Arbitration; Notice of Lis Pendens

Service Upon: Ronald M Horwitz

Date of Service: 01/14/2009          Time Of Service: 2:46 PM

Address of Service: 3200 N Central Ave #2000 , Phoenix, AZ 85012

Manner of Service:

☑ By serving Ronald M Horwitz in person.

☐ Substitute, by serving _____, a person of suitable age & discretion who resides with _____ at the address of service.

☐ By personally serving _____ who holds the position of _____.

☐ Other Service, As Detailed Below.

☐ Non-Service for the Reasons Detailed Below.

_____

_____

I certify under penalty of perjury that the foregoing is true and correct.

X _____
Declarant: Print Name _____
Registered in _____ County

Executed on _01_ /_14_ /20_09_

| Service: | $75.00 |
|----------|--------|
| Mileage: | $ |
| Locate: | $ |
| Other: | $ |
| Total: | $75.00 |

# EXHIBIT "D"

RECEIVED

FEB - 6 2009

SNELL & WILMER

January 26, 2009

Mr. Gregory J. Marshall, Esq.
Snell & Wilmer L.L.P.
One Arizona Center
400 East Van Buren
Phoenix, AZ 85004

      Re:    Garcia et al. v. GMAC Mortgage, LLC, et al.

To Whom It May Concern:

      I am a defendant in the litigation entitled Israel Garcia, et al. v. GMAC Mortgage, LLC,
et al.  I consent to removal of this action to the Federal Court.

                  Very truly yours,

                  Ron Horwitz

9438608.1



## PITE DUNCAN LLP

**San Diego**

Steven W. Pite *CA/NV/WA*
John D. Duncan *CA/WA*
Peter J. Salmon *CA/ID/UT/WA*
David E. McAllister *AZ/CA/HI/OR/UT/WA*

Rochelle L. Stanford *AZ/CA/OR/WA*
Josephine E. Salmon *AK/AZ/CA/NY*
Laurel I. Handley *AZ/CA/ID/NV*
Daniel R. Gamez *CA/TX*
Eddie R. Jimenez *CA/NV/TX*
Susan L. Petit *AK/CA/WA*
Douglas A. Toleno *AZ/CA*
Cuong M. Nguyen *CA/NV*
Casper J. Rankin *CA*
Charles A. Correia *CA*
Melodie A. Whitson *CA*
Brian A. Paino *CA/TX/WA*
Christopher M. McDermott *CA*
Jillian A. Benbow *CA*
Thomas N. Abbott *CA*
Tracy D. Mabry *TX*
Drew A. Callahan *CA*
Natalie T. Nguyen *CA*
Alyssa K. McCorkle *AZ/CA*
Caroline M. Robert *CA*
Genail M. Anderson *CA*
Ellen Cha *CA/MN*
Jose A. Garcia *CA*
Erin L. Laney *CA*
Angela M. Fontanini *CA*
Jacque A. Gruber *CA*
John B. Acierno *CA*

*Mailing*
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935

*Overnight*
4375 Jutland Drive, Suite 200
San Diego, CA 92117

Ph: (858) 750-7600
Fax: (619) 590-1385

**Orange County**
Bruce J. Quilligan *CA*
Kerry W. Franich *CA/NV*
Elana J. Moeder *CA*
Bryan T. Brown *CO/TX*
Michael J. Fox *CA*
Parisa Sadoughianzadeh *CA*

1820 E. First St., Ste. 420
Santa Ana, CA 92705
Ph: (714) 285-2633
Fax: (714) 285-2668

**Arizona Office**
Charles L. Firestein
Phoenix, AZ

**Hawaii Office**
David B. Rosen
Honolulu, HI

**Washington Office**
Seattle, WA

**Texas Office**
William P. Weaver, Jr.
San Antonio, TX

---

February 2, 2009

Terence Whatley, Esq.
Snell & Wilmer L.L.P.
One Arizona Center
400 East Van Buren
Phoenix, Arizona 85004


Re:    **Garcia v. GMAC Mortgage, LLC, et al.**
       **Case No.:**    CV2009-000808
       **Our File No.:** 000001-149088

Dear Mr. Whatley:

    I am counsel for Residential Funding Company, LLC ("RFC"), and have authority to act on behalf of RFC in the above-referenced litigation.  On behalf of RFC, I consent to removal of this action to Federal Court.

Very truly yours,

PITE DUNCAN, LLP

Douglas A. Toleno

Attorneys licensed to practice in Alaska, Arizona, California, Hawaii
Idaho, Nevada, New York, Oregon, Texas, Utah and Washington
*See above or visit www.piteduncan.com re individual attorney admissions.*



# PITE
# DUNCAN
LLP

**San Diego**

Steven W. Pite *CA/NV/WA*
John D. Duncan *CA/WA*
Peter J. Salmon
*CA/ID/UT/WA*
David E. McAllister
*AZ/CA/HI/OR/UT/WA*

Rochelle L. Stanford
*AZ/CA/OR/WA*
Josephine E. Salmon
*AK/AZ/CA/NY*
Laurel I. Handley
*AZ/CA/ID/NV*
Daniel R. Gamez *CA/TX*
Eddie R. Jimenez *CA/NV/TX*
Susan L. Petit *AK/CA/WA*
Douglas A. Toleno *AZ/CA*
Cuong M. Nguyen *CA/NV*
Casper J. Rankin *CA*
Charles A. Correia *CA*
Melodie A. Whitson *CA*
Brian A. Paino *CA/TX/WA*
Christopher M. McDermott
*CA*
Jillian A. Benbow *CA*
Thomas N. Abbott *CA*
Tracy D. Mabry *TX*
Drew A. Callahan *CA*
Natalie T. Nguyen *CA*
Alyssa K. McCorkle *AZ/CA*
Caroline M. Robert *CA*
Genail M. Anderson *CA*
Ellen Cha *CA/MN*
Jose A. Garcia *CA*
Erin L. Laney *CA*
Angela M. Fontanini *CA*
Jacque A. Gruber *CA*
John B. Acierno *CA*

*Mailing*
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935

*Overnight*
4375 Jutland Drive, Suite 200
San Diego, CA 92117

Ph.: (858) 750-7600
Fax: (619) 590-1385

**Orange County**

Bruce J. Quilligan *CA*
Kerry W. Franich *CA/NV*
Elana J. Moeder *CA*
Bryan T. Brown *CO/TX*
Michael J. Fox *CA*
Parisa Sadoughianzadeh *CA*

1820 E. First St., Ste. 420
Santa Ana, CA 92705
Ph: (714) 285-2633
Fax: (714) 285-2668

**Arizona Office**
Charles L. Firestein
Phoenix, AZ

**Hawaii Office**
David B. Rosen
Honolulu, HI

**Washington Office**
Seattle, WA

**Texas Office**
William P. Weaver, Jr.
San Antonio, TX

February 12, 2009

Terence Whatley, Esq.
Snell & Wilmer L.L.P.
One Arizona Center
400 East Van Buren
Phoenix, Arizona 85004

Re:   **Garcia v. GMAC Mortgage, LLC, et al.**
       **Case No.:   CV2009-000808**
       **Our File No.: 000001-149088**

Dear Mr. Whatley:

     I am counsel for GMAC Mortgage, LLC ("GMACM") and Executive Trustee Services, LLC ("ETS") and have authority to act on behalf of GMACM and ETS in the above-referenced litigation. On behalf of GMACM and ETS, I consent to removal of this action to Federal Court.

Very truly yours,

PITE DUNCAN, LLP

Douglas A. Toleno

Attorneys licensed to practice in Alaska, Arizona, California, Hawaii
Idaho, Nevada, New York, Oregon, Texas, Utah and Washington
*See above or visit www.piteduncan.com re individual attorney admissions.*

# McCarthy ◆ Holthus ◆ Levine
*A Limited Liability Partnership*
### 3636 North Central Avenue
### Suite 1050
### Phoenix, AZ 85012
Telephone (602) 230-8726
Facsimile (602) 230-9277
www.McCarthyHolthus.com
Email to all personnel:
First initial and last name@mccarthyholthus.com

Thomas J. Holthus        CA NV NE
Kevin R. McCarthy        CA
Paul M. Levine           AZ CA
Matthew Silverman        AZ NM
JaVonne M. Phillips      CA
Matthew E. Podmenik      CA
Matthew Cleverley        WA OR ID AK UT CO
David C. Scott           CA
Jennifer C. Wong         CA
Kelly Ann Tran           CA
Angela M. Michael        WA PA
Kristin Schuler-Hintz    CA NV
Gayle Jameson            CA
Seth Harris              CA
Lucy Gilbert             WA
James Hester             CA
Charles E. Bell          CA
Kelly M. Raftery         CA
Matthew B. Learned       CA
Andrew E. Hall           CA
Seth J. Adams            NV
Sasan Mirkarimi          CA
Rachel S. Opatik         CA
Meliss Robbins           CA

San Diego Office
1770 Fourth Avenue
San Diego, CA 92101
(619) 685-4800
Facsimile (619) 685-4810

Nevada Office
811 South Sixth Street
Las Vegas, NV 89101
(702) 685-0329 Ext 3748
Facsimile (866) 339-5691

Northwestern Office
Sterling Building
600 Winslow Way East, Ste 234
Bainbridge Island, WA 98110
(206) 319-9100
Facsimile (206) 780-6862

February 12, 2009

Terence Whatley
Snell & Wilmer L.L.P.
One Arizona Center
400 East Van Buren
Phoenix, Arizona 85004

Re:   Garcia et al. v. GMAC Mortgage, LLC, et al. (CV2009-000808)

Dear Mr. Whatley:

I am counsel for Quality Loan Service Corporation, and have authority to act on behalf of Quality Loan Service Corporation in the litigation entitled Garcia et al. v. GMAC Mortgage, LLC, et al. On behalf of Quality Loan Service Corporation, I consent to removal of this action to the Federal Court.

Very truly yours,

Paul M. Levine, Esq.

PML:daf

9471206 1

# EXHIBIT "E"

Gregory J. Marshall (#019886)
Terence Whatley (#026670)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren Street
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
gmarshall@swlaw.com
twhatley@swlaw.com
Attorneys for Defendant
Wells Fargo Bank, N.A.

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| ISRAEL GARCIA AND JESSENIA M. GARCIA, IVAN A. MADRUENO, AND PRISCILLA ANN SALADORES AND KATHLEEN L. CONIAM, | Case No. CV2009-000808 |
| Plaintiffs, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441** |
| v. | **(Federal Question)** |
| GMAC MORTGAGE, LLC, fka GMAC MORTGAGE CORPORATION, EXECUTIVE TRUSTEE SERVICES, LLC, WELLS FARGO BANK, N.A., RONALD M. HORWITZ, RESIDENTIAL FUNDING COMPANY, LLC, fka RESIDENTIAL FUNDING CORPORATION, QUALITY LOAN SERVICE CORPORATION, GMAC MORTGAGE, LLC, JOHN DOES 1 through 1,000, et al., | |
| Defendants. | |

**TO THE CLERK OF THE SUPERIOR COURT AND ALL PARTIES HERETO AND THEIR ATTORNEYS:**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") gives notice of removal of this action from the Superior Court of Arizona, Maricopa County to the United States District Court, District of Arizona.  Pursuant to 28 U.S.C. § 1446(d), this Court shall proceed no further with this action.

DATED this 12th day of February, 2009.

SNELL & WILMER

By: _[signature]_

Gregory J. Marshall
Terence Whatley
One Arizona Center
Phoenix, Arizona 85004-2202
Attorneys for Defendant
Wells Fargo Bank, N.A.

**ORIGINAL** of the foregoing
**FILED** the |3th day of _February_, 2009
and **COPY HAND-DELIVERED**
the |3th day of February, 2009, to:

The Honorable Sam Myers
Judge of the Superior Court
210 West Jefferson Street
Phoenix, AZ, 85032

**COPY** of the foregoing **MAILED**
the |2th day of February, 2009, to:

Israel Garcia and Jessenia M. Garcia
6526 South 41st Lane
Phoenix, AZ 85041

Ivan A. Madrueno
1815 East Pecan Road
Phoenix, AZ 85040

Priscilla Ann Saladores
Kathleen L. Coniam
8438 North 85th Street
Scottsdale, AZ 85251

_[signature]_

9444552.1

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000