**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ISRAEL GARCIA; JESSENIA M. GARCIA,<br><br>    Plaintiffs,<br><br>vs.<br><br>GMAC MORTGAGE, LLC fka GMAC MORTGAGE CORPORATION; EXECUTIVE TRUSTEE SERVICES, LLC,<br><br>    Defendants. | No. CV-09-0891-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion to Vacate Foreclosure Sale of Plaintiffs Israel and Jessenia M. Garcia. (Dkt. # 13.) For the reasons set forth below, the Court denies the Motion.

In 2006, Plaintiffs purchased real property located at 6526 South 41st Lane, Phoenix, AZ 85041. Plaintiffs obtained financing for the property in the amount of $389,524.00 pursuant to a promissory note. The promissory note was secured by a deed of trust. On or about May 6, 2009, a trustee's sale was held and the property was sold. (Dkt. # 13 at 2.) On May 11, 2009, Plaintiffs filed this Motion, arguing that the Court has authority to vacate the May 6 trustee's sale pursuant to Federal Rule of Civil Procedure 60(b). (Dkt. # 13 at 1.)

Federal Rule of Civil Procedure 60(b) states that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding .

. . ." Fed. R. Civ. P. 60(b); *see also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2851 (2d ed. 1995) ("Rule 60 regulates the procedures by which a party may obtain relief from a final judgment.").

Arizona law confers power of sale upon the trustee holder of a Deed of Trust independent of the judicial system. Ariz. Rev. Stat. § 33-807; *see also In re Krohn*, 203 Ariz. 205, 208, 52 P.3d 774, 777 (2002) (citing *Patton v. First Fed. Sav. & Loan Ass'n*, 118 Ariz. 473, 477, 578 P.2d 152, 156 (1978)) ("A mortgage generally may be foreclosed only by filing a civil action while, under a Deed of Trust, the trustee holds a power of sale permitting him to sell the property out of court with no necessity of judicial action."). "[N]onjudicial foreclosure statutes . . . reflect a carefully crafted balancing of the interests of beneficiaries, trustors, and trustees. Trustees . . . need to have clearly defined responsibilities to enable them to discharge their duties efficiently and to *avoid embroiling the parties in time-consuming and costly litigation.*" *TransAmerica Fin. Serv., Inc. v. Lafferty*, 175 Ariz. 310, 314, 856 P.2d 1188, 1192 (Ct. App. 1993) (citing *I.E. Assoc. v. Safeco Title Ins. Co.*, 702 P.2d 596, 600 (Cal. 1985)) (emphasis added).

Here Plaintiffs do not seek relief from a final judgment, order, or proceeding of this Court. Rather, Plaintiffs seek relief from a nonjudicial trustee's sale that proceeded independent of any Court involvement. Federal Rule of Civil Procedure 60(b) is not applicable in such circumstances.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Vacate Foreclosure Sale (Dkt. # 13) is **DENIED**.

DATED this 18th day of June, 2009.

G. Murray Snow
United States District Judge