**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ISRAEL GARCIA; JESSENIA M. GARCIA,<br><br>    Plaintiffs,<br><br>vs.<br><br>GMAC MORTGAGE, LLC fka GMAC MORTGAGE CORPORATION; EXECUTIVE TRUSTEE SERVICES, LLC,<br><br>    Defendants. | No. CV-09-0891-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss of Defendants GMAC Mortgage and Executive Trustee Services. (Dkt. # 14.) For the reasons set forth below, the Court grants the motion.

In 2006, Plaintiffs purchased real property located at 6526 South 41st Lane, Phoenix, AZ 85041. Plaintiffs obtained financing for the property in the amount of $389,524.00 pursuant to a promissory note. The promissory note was secured by a deed of trust. On or about May 6, 2009, a trustee's sale was held and the property was sold. (Dkt. # 13 at 2.) Plaintiffs filed their First Amended Complaint on May 4, 2009, asserting the following claims against the purported holder of the deed of trust and the trustee: fraudulent misrepresentation, negligence, civil conspiracy, intentional reckless acts, and the violation of several federal statutes. (Dkt. # 9.) On June 3, 2009, Defendants moved to dismiss the

1  First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that
2  Plaintiffs fail to state a claim upon which relief can be granted. (Dkt. # 15 at 5-10.)
3       In their motion, Defendants spend nearly their entire brief arguing how each of
4  Plaintiffs' eight claims are defective and merit dismissal with prejudice. (*Id.*) In fact,
5  Defendants break down their argument into eight separate subsections based on Plaintiffs'
6  claims, with specific legal and factual argument under each. (*See id.*) Plaintiffs' response,
7  however, fails entirely to address any of the arguments raised by Defendants. (*See* Dkt. #
8  19.) Rather, Plaintiffs argue only that Defendants have a right to see "the ORIGINAL BLUE
9  INK promissory note that PROVES once and for all that the Defendants are indeed the owner
10 of the note." (*Id.* at 1-2.) Plaintiffs, however, provide no authority or argument which would
11 justify such a request.
12      The Ninth Circuit has made clear that "[p]ro se litigants must follow the same rules
13 of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986);
14 *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (stating that pro se
15 litigants should not be treated more favorably than parties represented by attorneys).
16 Plaintiffs' response is wholly insufficient to constitute an argument before this Court. "Our
17 circuit has repeatedly admonished that we cannot manufacture arguments [for a party] . . .
18 . Rather, we review only issues which are argued *specifically and distinctly* . . . ." *Indep.*
19 *Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (internal quotations
20 omitted and emphasis added). Moreover, "[w]e require contentions to be accompanied by
21 *reasons*." *Id.* at 930 (emphasis added). If an argument is not properly argued and explained,
22 the argument is waived. *See* LRCiv 7.2(i), (b), (c); *see also, e.g.*, *Washington*, 350 F.3d at
23 929-30 (holding that a party's argument was waived because "[i]nstead of making legal
24 arguments," the party simply made a "bold assertion" of error, with "little if any analysis to
25 assist the court in evaluating its legal challenge"); *Hibbs v. Dep't of Human Res.*, 273 F.3d
26 844, 873 n.34 (9th Cir. 2001) (finding that an assertion of error was "too undeveloped to be
27 capable of assessment" and thus waived); *Currie v. Maricopa County Cmty. College Dist.*,
28 No. CV-07-2093, 2008 WL 2512841, at *2 n.1 (D. Ariz. June 20, 2008) ("Plaintiff does not

respond to this argument, and her failure to do so serves as an independent basis upon which to grant [the] motion[.]") (citing LRCiv 7.2(i)); *EEOC v. Eagle Produce, L.L.C.*, No. CV-06-1921, 2008 WL 2796407, at *2 (D. Ariz. July 18, 2008) ("Parties must come forward with their points and authorities in support of or in opposition to a motion.") (citing LRCiv 7.2(b), (c)).

The Ninth Circuit has established

> a five-part test to determine whether the dismissal sanction is just: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (internal quotations omitted); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). To the extent the Court's approach could be construed as a dismissal sanction, the Court has considered these factors and finds dismissal appropriate.

Here, factors one and two clearly weigh in favor of dismissal and factor four weighs against dismissal. Therefore, factors three and five are determinative.

**Factor Three – Risk of Prejudice to Defendants**

In this case, Defendants will be prejudiced by Plaintiffs' ongoing refusal to appropriately respond to their motion to dismiss. Defendants have expended significant amounts of time and finances to timely address Plaintiffs' claims on multiple occasions. Plaintiffs' failure to respond, if permitted to continue, would only frustrate Defendants' efforts and cause them to incur additional expenses. Defendants' arguments are fairly and timely raised in this action and deserve a fair response by Plaintiffs. The Court has been flexible in ensuring that Plaintiffs have had an opportunity to plead their claims and be heard in response to Defendants' motions. To continue to permit Plaintiffs to engage in delay and silence would be to significantly prejudice Defendants who are actively seeking to clarify and narrow this action.

Therefore, factor three weighs heavily in favor of dismissal.

**Factor Five – Availability of Less Drastic Sanctions**

Factor 5 "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Valley Eng'rs*, 158 F.3d at 1057. While less drastic sanctions may be available, they are not appropriate here. The Court has granted Plaintiffs ample time to respond to Defendants' motion and has explicitly warned her that failure to do so could result in granting of the motion and "could result in the dismissal of certain claims and certain defendants." (Dkt. # 18 at 1-2.) Plaintiffs nonetheless failed to properly respond. Therefore, factor five weighs in favor of dismissal.

With four factors weighing in favor of dismissal and one factor weighing against, dismissal is appropriate here. *See, e.g.*, *Wystrach v. Ciachurski*, 267 F. App'x 606, 607-08 (9th Cir. 2008) (upholding dismissal under Local Rule 7.2(i) where the first three factors all weighed in favor of dismissal); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (upholding summary dismissal of a pro se plaintiff's action for failure to follow the court's local rules).

In their response brief, Plaintiffs do argue that they have a right to see "the ORIGINAL BLUE INK promissory note that PROVES once and for all that the Defendants are indeed the owner of the note." (Dkt. # 19 at 2.) Generally, Arizona law confers power of sale upon the trustee holder of a Deed of Trust independent of the judicial system. Ariz. Rev. Stat. § 33-807; *see also In re Krohn*, 203 Ariz. 205, 208, 52 P.3d 774, 777 (2002) ("A mortgage generally may be foreclosed only by filing a civil action while, under a Deed of Trust, the trustee holds a power of sale permitting him to sell the property out of court with no necessity of judicial action.") (citing *Patton v. First Fed. Sav. & Loan Ass'n*, 118 Ariz. 473, 477, 578 P.2d 152, 156 (1978)). "[N]onjudicial foreclosure statutes . . . reflect a carefully crafted balancing of the interests of beneficiaries, trustors, and trustees. Trustees . . . need to have clearly defined responsibilities to enable them to discharge their duties efficiently and to *avoid embroiling the parties in time-consuming and costly litigation*." *TransAmerica Fin. Serv., Inc. v. Lafferty*, 175 Ariz. 310, 314, 856 P.2d 1188, 1192 (Ct. App.

1993) (citing *I.E. Assoc. v. Safeco Title Ins. Co.*, 702 P.2d 596, 600 (Cal. 1985)) (emphasis added). In their brief, Plaintiffs cite no authority justifying their request to see the original promissory note, nor is the Court aware of any. Indeed, under Arizona law, Defendants appear to be under no such obligation. *See Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (holding that "district courts have routinely held that Plaintiff's 'show me the note' argument lacks merit" and "Arizona's non-judicial foreclosure statute does not require presentation of the original note before commencing foreclosure proceedings") (citations omitted); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181(D. Ariz. 2009) (citing cases and concluding that Arizona's foreclosure statutes do not require presentation of the original note before commencing a foreclosure). Therefore, Plaintiffs' argument has no merit.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Dkt. # 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to terminate this matter.

DATED this 31st day of August, 2009.

G. Murray Snow
United States District Judge